[No. 11821-5-III.   Division Three.   March 4, 1993.]

DARLA H. HUBBARD, *Respondent,* v. ANN MILLER SCROGGIN, *Appellant.*

*Jacqueline G. Newcomb* and *Paine, Hamblen, Coffin, Brooke & Miller,* for appellant.

*Martin Gales* and *Montgomery, Carroll & Gales,* for respondent.

SHIELDS, C.J. — Darla H. Hubbard sued Ann Miller Scroggin to recover an alleged $2,000 down payment on a house. The trial court awarded Ms. Hubbard $2,000, statutory

attorney fees and costs. Ms. Scroggin appeals, contending Ms. Hubbard voluntarily dismissed her claim after resting her case, and the court improperly reinstated the claim after hearing evidence on Ms. Scroggin's counterclaim for outrage. We reverse and remand for further proceedings.

The claim for $2,000 arose from a collateral agreement which Ms. Scroggin's husband, Jess, purportedly signed before his death. The agreement purportedly was part of a transaction in which Ms. Hubbard agreed to buy a house the Scroggins owned. It provided Ms. Hubbard could have title to a motor home the Scroggins owned if the Scroggins did not return Ms. Hubbard's $2,000 down payment on the house. Through no fault of any party, the transaction failed to close.

Ms. Hubbard and her boyfriend, Jack Nguyen, then brought suit seeking a declaratory judgment giving them title to the motor home. Ms. Scroggin answered by general denial and counterclaimed for the tort of outrage. Ms. Hubbard and Mr. Nguyen amended their complaint to demand $2,000 based on the collateral agreement. Mr. Nguyen settled his claims for $1 and was dismissed as a party to the action; only Ms. Hubbard went to trial.

At trial, Ms. Hubbard, Mr. Nguyen, and a Mr. Robert Wilson all testified they were present at the Scroggin residence when Mr. Scroggin signed the collateral agreement, October 25, 1990. All three testified that Ms. Hubbard gave $2,000 to Mr. and Ms. Scroggin at that time. Ms. Hubbard then rested her case.

Ms. Scroggin called Jess Scroggin's doctor, who testified that Jess could not have signed the collateral agreement at his residence on October 25 because he was in the hospital from the early morning of October 25, 1990, until October 29, 1990. On the third day of trial, Ms. Scroggin also called Teresa Hurt, a handwriting expert, who testified Jess Scroggin's signature on the collateral agreement was a forgery. After Ms. Hurt's direct examination, Ms. Hubbard, claiming surprise, moved for a voluntary dismissal under CR 41(a)(2)

of her claims to the motor home and the $2,000. Ms. Scroggin objected to the dismissal, claiming she would thereby be precluded from recovering attorney fees and costs as a prevailing party under RCW 4.84.250 and .270. The court orally granted the motion for voluntary dismissal on two conditions: that Ms. Scroggin be allowed to pursue her counterclaim, and that the issue of whether Ms. Scroggin would be a prevailing party and entitled to costs and attorney fees would be reserved.

Trial then continued on the sole issue of the counterclaim for outrage. Ms. Scroggin testified that after she was served with the original complaint her health was affected; she could not sleep, lost her appetite and was depressed. The court precluded her testimony concerning actions by Mr. Nguyen as no longer relevant because he had been dismissed as a party. She then rested. Ms. Hubbard and Mr. Nguyen then testified they could have been mistaken about the date being October 25, 1990.[1] Mr. Nguyen testified he was the one who wrote October 25 on the collateral agreement, and the date might have been October 24. The court then orally dismissed the counterclaim because of insufficient evidence. Afterward, outside the courtroom, Ms. Hubbard returned the motor home title to Ms. Scroggin and said she had abandoned her claims to the motor home and the $2,000. These events took place on Friday, June 21, 1991.

The following Monday, June 24, Ms. Hubbard moved the court to reconsider her voluntary dismissal. She asked the court to reinstate her claim for the $2,000 down payment.

A month later, the court granted her motion for reinstatement. The court held that all issues regarding the $2,000 claim were raised again by Ms. Scroggin in the course of

---

[1]There is no record of this testimony except as contained in Ms. Hubbard's narrative report of proceedings, which Ms. Scroggin did not accept. Ms. Hubbard incorrectly characterizes the testimony as rebuttal. It did not rebut Ms. Scroggin's counterclaim, but rather rebutted Ms. Scroggin's defense to the $2,000 claim, raised before the voluntary dismissal, that Jess Scroggin was hospitalized on October 25. The record before us does not reflect whether any objection was made to this testimony.

presenting her counterclaim for outrage. The court held that Ms. Scroggin had thus consented to the court reconsidering that issue. The court then entered findings, conclusions and a judgment for Ms. Hubbard against Ms. Scroggin in the amount of $2,000 plus interest, costs, and statutory attorney fees. Ms. Scroggin now appeals.

Ms. Scroggin first contends the court terminated its jurisdiction to reinstate Ms. Hubbard's claim when it granted her voluntary dismissal. She is mistaken.

■ A trial court may alter, amend, or reverse its rulings at any point before it enters a final judgment. *In re Marriage of Harshman*, 18 Wn. App. 116, 120, 567 P.2d 667 (1977). Specifically, the trial judge has the discretion to reverse an oral dismissal. *State v. Collins*, 112 Wn.2d 303, 308, 771 P.2d 350 (1989). *Accord, State v. Aleshire*, 89 Wn.2d 67, 568 P.2d 799 (1977); *State v. McClelland*, 24 Wn. App. 689, 604 P.2d 969 (1979), *review denied*, 93 Wn.2d 1019 (1980).

■ Ms. Scroggin has produced no case which challenges this position. Although *Cork Insulation Sales Co. v. Torgeson*, 54 Wn. App. 702, 775 P.2d 970, *review denied*, 113 Wn.2d 1022 (1989) and *Munden v. Hazelrigg*, 105 Wn.2d 39, 711 P.2d 295 (1985) held that trial courts lost jurisdiction at some point after a voluntary dismissal, both cases indicated the point at which jurisdiction ceased was when the court entered a written order of dismissal. *Cork Insulation*, at 704, dealt with a case in which the court entered an adverse judgment after the plaintiff "obtained an order of voluntary dismissal." In *Munden*, at 42-43, the appellant challenged a trial court's order of dismissal; on appeal, the court treated the order as a written order and analyzed the question under RAP 2.2(a)(3), which allows appeals from "[a]ny written decision . . . which in effect determines the action and prevents a final judgment . . .". Neither case indicates trial courts exceed their jurisdiction by reversing an oral decision before it is reduced to writing. The court's oral decision to grant voluntary dismissal did not terminate jurisdiction to reinstate Ms. Hubbard's claim.

Second, Ms. Scroggin contends CR 59(a)(9) does not authorize a court to reinstate a claim voluntarily dismissed under CR 41(a)(2). Again, she is mistaken.

The trial court orally reinstated the claim for $2,000 as follows:

> Well, I think two rules that are applicable — First of all, the court has not as yet entered findings or judgment, and it clearly has continuing jurisdiction. Under Rule CR 52, even after findings are made, the court may amend findings or make additional findings, or may amend judgment.
> Another rule, I think, that is material, is CR 15 . . ..
>
> . . . .
> After that dismissal, the issue with respect to the validity of the document [collateral agreement] was fully gone into by the defendant. There was testimony presented about the authenticity of the signatures, of the fact that she hadn't received the money; all of those issues were raised and presented to the court.
>
> . . . .
> Under these circumstances, I do not see that the defendant is prejudiced. The only testimony that has been suggested as additional testimony relates to the repairs of the motor home, which have nothing to do with the issue of the $2,000, which is, in my view, clearly due. And I think that this is a situation where it's appropriate that the oral opinion be modified, not with respect, really, to the findings; the findings, I made. The only thing that needs to be modified is the judgment.
> And I think it is appropriate that the judgment include not only the dismissal of the claim for damages to Mrs. Scroggin [on her counterclaim], which I found were not established, but also a judgment for return of the $2,000. I did find that she had received the $2,000; that the instrument was authentic; that the real estate deal fell through, and she was obligated to return the $2,000, and she didn't do it. And so, I am going to include that in the judgment.

The record clearly indicates the trial court relied on CR 52, not CR 59(a)(9), as argued by Ms. Scroggin.

■ However, as noted above, the oral dismissal was not final until reduced to writing. Therefore, there was no final finding or judgment requiring amendment under CR 52. Neither CR 59 nor CR 52 is germane to the court's actions in this case.

Third, Ms. Scroggin contends although CR 15 provides authority for reinstating a voluntarily dismissed claim, the

reinstatement may not unfairly prejudice her ability to present a defense. She is correct.

■ We will reverse a trial court's ruling on a CR 15 motion only on a showing of manifest abuse of discretion. *Herron v. Tribune Pub'g Co.,* 108 Wn.2d 162, 165, 736 P.2d 249 (1987).

CR 15(b) states in relevant part:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party *at any time, even after judgment*; . . ..

(Italics ours.) Therefore, CR 15(b) provides authority for reinstating a claim if certain requirements are met. Since the voluntary dismissal of a claim is no longer raised by the pleadings, it may be added back to the pleadings by amendment under CR 15. The question here is whether the court manifestly abused its discretion in doing so.

Both parties agree that amending a pleading under CR 15(b) to conform with the evidence must meet certain requirements of consent, notice, and no prejudice. Ms. Scroggin, in proceeding on her counterclaim, did not expressly or impliedly consent to amendment of the pleadings: the gravamen of her counterclaim was the damage to her health caused by being served with Ms. Hubbard's original complaint, which was based on the attached copy of the collateral agreement. It was error for the court to conclude this was a consent to amend the pleadings. Nor did Ms. Scroggin have notice that, after presentation of her case in chief for outrage, Ms. Hubbard would present rebuttal evidence related to the claim already voluntarily dismissed under CR 41(a)(2).

Moreover, the trial court's decision to reinstate Ms. Hubbard's claim by allowing a CR 15(b) amendment to the pleadings prejudiced Ms. Scroggin. The court did not permit Ms. Scroggin to present testimony on Mr. Nguyen's credibility as a witness; it excluded that testimony from Ms. Scroggin's counterclaim because he was not then a party. This

substantially prejudiced Ms. Scroggin and was a manifest abuse of discretion. The exclusion of testimony about Jack Nguyen's credibility, though not relevant to the counterclaim against Ms. Hubbard, was highly relevant to rebut the claim for $2,000. Furthermore, if she had thought she still needed to rebut a claim which had been voluntarily dismissed at the time of her testimony on her counterclaim, her testimony would have been quite different. In effect, the court went straight to judgment without allowing Ms. Scroggin a fair opportunity to rebut the reinstated claim. The judgment for Ms. Hubbard is reversed.

Finally, Ms. Scroggin contends she, not Ms. Hubbard, is entitled to attorney fees under RCW 4.84.250 and .270. The result depends on whether she was the prevailing party at trial. Though she also requests attorney fees and expenses on appeal, she has failed to devote a section of her brief to this request; hence, we will not consider fees on appeal. RAP 18.1(b).

■ RCW 4.84.270 deems the defendant the prevailing party if the plaintiff "recovers nothing".[2] In its broadest sense "recover" means to get or win back; "[i]n a narrower sense, to be successful in a suit, . . . to have judgment, to obtain a favorable or final judgment . . .". Black's Law Dictionary 1147 (5th ed. 1979). Because we hold Ms. Hubbard's claim was improperly reinstated, it remains a voluntarily dismissed claim. A voluntary dismissal results in an order, not a final judgment. The court reserved this issue at the conclusion of proceedings on June 21, 1991, and did not further pursue it at the reinstatement proceedings on June 24. It has not been adequately briefed by either party on appeal. We must therefore remand the issue for further proceedings. On remand, the court should determine which

---

[2]The situation is different when an out-of-state defendant is involved. The out-of-state defendant is the prevailing party when an action is dismissed on motion of the plaintiff under RCW 4.28.185(5). *Andersen v. Gold Seal Vineyards, Inc.*, 81 Wn.2d 863, 868, 505 P.2d 790 (1973); *Soper v. Clibborn*, 31 Wn. App. 767, 770, 644 P.2d 738 (1982).

party is the prevailing party and address the question of a reasonable amount.

We reverse the judgment and remand on the issue of attorney fees.

THOMPSON and SWEENEY, JJ., concur.

Review denied at 122 Wn.2d 1004 (1993).