[No. 30556-5-I.   Division One.   July 6, 1993.]

NICHOLAS P. MARASSI, ET AL, *Respondents,* v. MICHAEL P.H.
LAU, ET AL, *Defendants,* DYNASTY DEVELOPMENT
CORPORATION, *Appellant.*

*Carl Goodwin,* for appellant.

*Deane Minor,* for respondents.

GROSSE, J. — The appellant, Dynasty Development Corporation (Dynasty), challenges the trial court's award of attorney fees to the respondents, Nicholas and Debra Marassi. The fees were awarded pursuant to a provision in the parties' purchase and sale agreement allowing the successful party in a suit to recover reasonable attorney fees. We reverse, holding that both parties prevailed on distinct issues requiring a proportional award of fees.

The Marassis contracted with Dynasty to purchase a lot in a housing development known as Windsor Shores located in Snohomish County. As part of the agreement, Dynasty agreed to make improvements to the lot and common areas of the development, including the installation of utilities, the construction of an access road and security gate, and the excavation of a building pad. In addition, the contract contained a provision for attorney fees in the event of a dispute:

> In the event that either Buyer, Seller, or Agent, shall institute suit to enforce any rights hereunder, the successful party shall be entitled to court costs and a reasonable attorney's fee. In the event of trial, the amount of the attorney's fee shall be as fixed by the court.

Subsequent to the construction of the access road and building pad, inadequate drainage caused cracking and settling of concrete in the driveway and parking area, and an outburst of water and mud. Property damage occurred on the north and south slopes of the lot.

The Marassis filed suit against Dynasty for breach of contract, negligence, fraudulent conveyance, and misrepresentation. In the original complaint, the Marassis sought relief for the damage to the north and south slopes of the lot, damage for failure to properly hydroseed the lot and extend a water

line, and delay damages. They also sought specific performance for the placement of underground utilities, the redesign and replacement of culverts, the planting of foliage and hydroseeding, reconstruction of the access road, and the completion of improvements to a security gate. Dynasty counterclaimed in the amount of $300 for damage to the security gate.

Prior to trial, the Marassis moved to amend their complaint under CR 15(a) and dismissed five of the specific performance claims, including the claims to replace the culverts, rebuild the access road, plant additional foliage above the road, complete the security gate, and repair and maintain the development's access road. The trial court granted the Marassis' motion and the five claims were dismissed without prejudice. The parties settled Dynasty's counterclaim and the Marassis' damages claim for extending a water line, which resulted in a net credit in favor of the Marassis for $153.

The seven remaining damages claims litigated at trial totaled $88,450. The trial court found in the Marassis' favor on a $15,000 claim for north slope damages and on the specific performance claim for laying underground utilities. The court dismissed the remainder of the claims with prejudice, including the claims for south slope damages, delay damages, failure to properly hydroseed, fraudulent conveyance, and misrepresentation. The Marassis were awarded $153 for the offset of the settled claims. The trial court also awarded $12,285 in attorney fees to the Marassis as the prevailing parties, together with $118 in costs. Dynasty appeals the trial court's award of attorney fees.[1]

The purchase and sale agreement between Dynasty and the Marassis provided for the award of attorney fees to the

---

[1]Dynasty also assigned error to the trial court's conclusion that it was under a legal obligation to install underground utilities on the Marassis' property. Recently, however, Dynasty complied with the trial court order. If a court can no longer provide effective relief and the issue becomes purely academic, the issue is moot. *State v. Turner*, 98 Wn.2d 731, 658 P.2d 658 (1983). Because Dynasty has complied with the trial court order for specific performance of this obligation, the parties agree this issue is moot.

"successful party" in a dispute. Because the majority of the Marassis' claims were dismissed, Dynasty argues that under the contract and RCW 4.84.330, the Marassis cannot be a prevailing party even though they received an affirmative judgment.

In general, a prevailing party is one who receives an affirmative judgment in its favor.[2] *Schmidt v. Cornerstone Invs., Inc.*, 115 Wn.2d 148, 164, 795 P.2d 1143 (1990); *Ennis v. Ring*, 56 Wn.2d 465, 473, 353 P.2d 950 (1959). An award of attorney fees to a prevailing party under RCW 4.84.330 is mandatory. *Singleton v. Frost*, 108 Wn.2d 723, 729, 742 P.2d 1224 (1987). When a contract clause allows the successful · plaintiff to recover attorney fees, the clause applies bilaterally under RCW 4.84.330[3] to allow successful defendants to recover also. *Marine Enters., Inc. v. Security Pac. Trading Corp.*, 50 Wn. App. 768, 772, 750 P.2d 1290 (citing *Herzog Aluminum, Inc. v. General Am. Window Corp.*, 39 Wn. App. 188, 196-97, 692 P.2d 867 (1984)), *review denied*, 111 Wn.2d

---

[2]Both parties argue that a net affirmative judgment determines the prevailing party in situations where both parties are awarded relief, relying on *Moritzky v. Heberlein*, 40 Wn. App. 181, 183, 697 P.2d 1023 (1985). In *Moritzky*, the plaintiff received judgment for $2,092; the defendant received $4,937 on a counterclaim. The court found that the defendant was the prevailing party because the net affirmative judgment was in its favor. However, the court was construing RCW 60.04.130, the former lien statute. *Moritzky* must be read in light of more recent authority construing RCW 4.84.330, which states that fees should not be awarded when both parties prevail on major issues. *See, e.g., Puget Sound Serv. Corp. v. Bush*, 45 Wn. App. 312, 320-21, 724 P.2d 1127 (1986).

[3]RCW 4.84.330 provides:

"In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or lease or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.

"Attorney's fees provided for by this section shall not be subject to waiver by the parties to any contract or lease which is entered into after September 21, 1977. Any provision in any such contract or lease which provides for a waiver of attorney's fees is void. ·

"As used in this section 'prevailing party' means the party in whose favor final judgment is rendered."

1013 (1988). If neither party wholly prevails then the party who substantially prevails is the prevailing party, a determination that turns on the extent of the relief afforded the parties. *Rowe v. Floyd*, 29 Wn. App. 532, 535 n.4, 629 P.2d 925 (1981); *Marine Enterprises*, 50 Wn. App. at 772. However, if both parties prevail on major issues, an attorney fee award is not appropriate. *American Nursery Prods., Inc. v. Indian Wells Orchards*, 115 Wn.2d 217, 235, 797 P.2d 477 (1990) (citing *Sardam v. Morford*, 51 Wn. App. 908, 756 P.2d 174 (1988)); *Rowe v. Floyd*, 29 Wn. App. at 535; *Puget Sound Serv. Corp. v. Bush*, 45 Wn. App. 312, 320-21, 724 P.2d 1127 (1986).

These general principles, however, do not address situations in which a defendant has not made a counterclaim for affirmative relief, but merely defends against the plaintiff's claims. Dynasty asserts that if a defendant successfully defends against the plaintiff's contract claims, it is a prevailing party entitled to attorney fees, citing *Park v. Ross Edwards, Inc.*, 41 Wn. App. 833, 838, 706 P.2d 1097, *review denied*, 104 Wn.2d 1027 (1985); *Meenach v. Triple "E" Meats, Inc.*, 39 Wn. App. 635, 640, 694 P.2d 1125, *review denied*, 103 Wn.2d 1031 (1985); *Herzog Aluminum, Inc.*, 39 Wn. App. at 197. The plaintiffs in each cited case were entirely unsuccessful and received no recovery; the defendants were deemed prevailing parties.[4] Similarly, this court in *Marine Enterprises* recognized that a successful defendant should be permitted to recover as a prevailing party.

In the case at hand, the Marassis did receive an affirmative judgment, but on only 2 of the original 12 claims. In this circumstance, we believe that application of the net affirmative judgment rule or "substantially prevailing" standard does not obtain a fair or just result. Under the affirmative judgment rule, the Marassis are prevailing parties because they received an affirmative judgment in their favor, even

---

[4]In *Park* and *Herzog,* the defendants successfully argued no contract existed, and the court interpreted RCW 4.84.330 to nevertheless allow the defendants to recover attorney fees. The defendant in *Meenach* successfully defended against all of the plaintiffs' breach of contract claims, and the plaintiffs received no recovery.

though Dynasty successfully defended against the majority of the claims. Similarly, the substantially prevailing standard set forth in *Rowe v. Floyd, supra,* does not adequately resolve the issue. Although appropriate in some cases, it fails on facts such as these where multiple distinct and severable contract claims are at issue. In such a situation, the question of which party has substantially prevailed becomes extremely subjective and difficult to assess.

We hold that when the alleged contract breaches at issue consist of several distinct and severable claims, a proportionality approach is more appropriate. A proportionality approach awards the plaintiff attorney fees for the claims it prevails upon, and likewise awards fees to the defendant for the claims it has prevailed upon. The fee awards are then offset.

The Marassis argue that a party need not prevail on its entire claim to be the prevailing party, relying on *Silverdale Hotel Assocs. v. Lomas & Nettleton Co.,* 36 Wn. App. 762, 774, 677 P.2d 773, *review denied,* 101 Wn.2d 1021 (1984). A proportionality approach is not inconsistent with *Silverdale Hotel.* The plaintiff in that case recovered approximately $600,000 in damages from a breach of contract claim, but was unable to prove other asserted consequential damages from the breach. The plaintiff was deemed the prevailing party even though it had not recovered its entire claim, the court noting that the defendant had not prevailed in the contract dispute. *Silverdale Hotel,* 36 Wn. App. at 774. *Silverdale Hotel* is also distinguishable. There the plaintiff was suing on a single breach of contract with several damages theories; it did not seek recovery for multiple distinct and severable breaches, as did the Marassis.[5]

---

[5]Likewise, *Stott v. Cervantes,* 23 Wn. App. 346, 595 P.2d 563 (1979) does not compel us to reach a different result. In that case, the plaintiff sued for misrepresentation and received a judgment of $3,419, an amount considerably less than the $10,000 sought at trial. The judgment reflected an offset of $327 in favor of the defendants. On appeal, the plaintiff was found to be the prevailing party and was awarded attorney fees, yet the facts of *Cervantes* do not indicate whether the $10,000 damages claim stemmed from one claim, as in *Silverdale,* or several distinct and severable contract claims. Moreover, the defendant failed

The Marassis also argue that under both the contract and RCW 4.84.330, the attorney fee award must be reasonable and that this reasonableness requirement sufficiently protects the defending party from an award that is disproportionate to the relief granted. Although the reasonableness requirement may prevent an excessively large award to a successful plaintiff in factual circumstances such as these, this argument ignores the defendant's right to receive fees and costs for those claims successfully defended.[6] The award of attorney fees to successful defendants is consistent with the underlying philosophy of feeshifting: to discourage weak cases, encourage settlements, and restore a wronged party to its original position. *See* Talmadge, *The Award of Attorneys' Fees in Civil Litigation in Washington*, 16 Gonz. L. Rev. 57, 69-70 (1980-1981). In sum, we hold that when several distinct and severable breach of contract claims are at issue, the defendant should be awarded attorney fees for those claims it successfully defends, and the plaintiff should be awarded attorney fees for the claims it prevails upon, and the awards should then be offset.

The Marassis further contend the claims originally pleaded but dismissed under CR 15(a) should not be taken into account when determining whether they are a prevailing party. In general, if a plaintiff voluntarily dismisses its entire action under CR 41, the defendant is considered to be the prevailing party for purposes of attorney fees under RCW 4.84.330. *Walji v. Candyco, Inc.*, 57 Wn. App. 284, 288, 787 P.2d 946 (1990); *see also Andersen v. Gold Seal Vineyards, Inc.*, 81 Wn.2d 863, 867-68, 505 P.2d 790 (1973) (holding that when the plaintiff takes a

---

to file a respondent's brief on appeal, and consequently the issue of proportionality was never raised.

[6]The Marassis also argue that under CR 68, Dynasty could have avoided the imposition of attorney fees and costs by making an offer of judgment. CR 68 provides that if an offer of judgment is rejected and the actual judgment is less than the offer, the offeree must pay the costs incurred after the offer was made. The interaction of CR 68 and RCW 4.84.030 was explained in *Tippie v. Delisle*, 55 Wn. App. 417, 420-21, 777 P.2d 1080 (1989), *review denied*, 114 Wn.2d 1003 (1990). However, as CR 68 was not at issue in the instant case and no offer of judgment was made, we find the Marassis' argument unpersuasive.

voluntary nonsuit, the defendant is the prevailing party for purposes of an attorney fee award under RCW 4.28.185(5), the long-arm statute); *Soper v. Clibborn*, 31 Wn. App. 767, 644 P.2d 738 (1982) (finding that when plaintiff's claim was dismissed, defendant was a prevailing party under RCW 59.18-.290(2)).

■ We note that a recent decision by Division Three, *Hubbard v. Scroggin*, 68 Wn. App. 883, 846 P.2d 580 (1993), may be interpreted to the contrary. In that case, the court indicated that under RCW 4.84.270, a voluntary dismissal was not a final judgment and may not entitle the defendant to attorney fees as a prevailing party, restricting the application of *Andersen* to cases decided under the long-arm statute, RCW 4.28.185(5). *Hubbard*, 68 Wn. App. at 890. We disagree that *Andersen* should be construed so narrowly; moreover, *Hubbard* does not address *Walji v. Candyco, Inc., supra*, wherein we stated:

> The reason that an order of voluntary dismissal is not a final judgment is for the protection of plaintiffs by allowing the litigation to continue under certain circumstances. It is not for the purpose of precluding attorney fees to a defendant who has "prevailed" as things stand at that point.

*Walji*, 57 Wn. App. at 289. Accordingly, we believe that *Hubbard* should be limited to its unique facts; to the extent that it conflicts with the principles set forth in *Walji* and *Andersen*, we decline to follow it. Where the trial court has properly exercised its discretion and allowed the amendment of a complaint under CR 15(a), the defendant may raise the issue of attorney fees at the CR 15 hearing and request that the court find it to be a prevailing party on the dismissed claims in that action. The trial court may then agree with the defendant or reserve the issue for trial, if it occurs.

In this case, the trial court reserved the issue of attorney fees for any subsequent action:

> If there is a subsequent trial of any cause of action between these parties based upon allegations of defects in the road to plaintiffs' property, the issue of costs and terms for duplicated expert time, attorney time, etc., is reserved.

As a consequence, the appropriate focus in this case should be on the claims presented at trial.

Applying the proportionality rule to the claims litigated at trial, the Marassis recovered on only two claims of seven presented, receiving a $15,000 judgment in their favor for damages to the north slope of their property and an order of specific performance valued at approximately $6,000. For those two claims, the Marassis are the prevailing parties and are entitled to attorney fees for those claims. Dynasty is the prevailing party for the five remaining claims and is entitled to receive reasonable attorney fees for its effort on those claims.

■ Both parties further contend they should be awarded attorney fees on appeal. RAP 18.1 allows the award of attorney fees on appeal if authorized by applicable law. A contractual provision authorizing attorney fees is authority for granting fees incurred on appeal. *Leen v. Demopolis*, 62 Wn. App. 473, 485, 815 P.2d 269 (1991), *review denied*, 118 Wn.2d 1022 (1992). The parties' agreement and RCW 4.84.330 authorize the award of attorney fees to the prevailing party. Because Dynasty has substantially prevailed on appeal, it should be entitled to a reasonable award of attorney fees for the expense of this appeal.

We reverse and remand for proceedings consistent with this opinion.

WEBSTER, C.J., and BAKER, J., concur.

Reconsideration denied October 14, 1993.