[No. 17355-1-III.   Division Three.   April 8, 1999.]

MIKE'S PAINTING, INC., ET AL., *Appellants*, v. CARTER WELSH, INC., *Respondent*.

*Douglas M. O'Coyne, Sr.*, of *O'Coyne & Phillips*, for appellant.

*Jeffrey L. Supinger* and *Thomas D. Cochran* of *Witherspoon, Kelley, Davenport & Toole, P.S.*, for respondent.

BROWN, J. — Mike's Painting, Inc. entered into a subcontract with Carter Welsh, Inc., d/b/a Garco Construction. Disputes were submitted to arbitration pursuant to the subcontract. The trial court denied Mike's motion to modify the arbiters' decisions and confirmed the award. We affirm after discussing attorney fees, prejudgment interest, costs, and appellate fees.

## FACTS

Garco Construction was the general contractor for the Spokane Veterans Memorial Arena project. Mike's was Garco's painting subcontractor on the project. The subcontract provided that claims arising out of the subcontract were to be arbitrated under the rules of the American Arbitration Association. The subcontract provided: "In any dispute between Contractor and Subcontractor, the prevailing party shall be awarded its reasonable attorneys' fees and costs."

The parties disputed payment for contract change orders. As a result, Mike's filed a subcontractor's lien and initiated an action for breach of contract. Mike's claims included unpaid change orders, extra work, overhead costs and lost business opportunities and future profits. Mike's also alleged tortious interference and business disruption against

Garco. These separate causes of action arose out of Mike's financial difficulties. Mike's was forced into bankruptcy.

Mike's lawsuit was arbitrated pursuant to the contract. Mike's sought $1,009,373.08 in damages. The panel awarded Mike's $191,997 for its claims. The arbitrators awarded Mike's $46,158 in legal fees and costs for the claims on which it prevailed and awarded Garco $50,880 for fees and costs for the claims on which it prevailed. The panel offset the fee awards and required the parties to share the arbitration costs.

Both parties asked the superior court to modify and confirm the arbitration award. The superior court denied both parties' requests and confirmed the panel's award. Mike's appealed.

## ANALYSIS
### A. Attorney Fees

The issue is whether the trial court erred by refusing to modify the arbitration panel's decision to award attorney fees to both parties and then offset them. Mike's contends that it was error to award attorney fees to Garco because Mike's was the sole prevailing party. The arbiters' ruling provides:

a. The Claimant is awarded $191,997.00 for outstanding contract amounts.

b. The Panel made a determination of a prevailing party for claim items A, B, C, D, E, F, & H and then pro-rated the allowed legal fees and costs accordingly. Claimant was awarded $46,158.00 and Respondent was awarded $50,880.00 resulting in a net award to Respondent of $4,722.00 for legal fees and costs.

Claim items A through H include claims for unpaid contractual changes, Garco-directed changes, tax penalty and interest, interest on the changes, overhead costs and business disruption. Mike's argues the panel erred by awarding it monetary damages of $191,997, yet finding

both Mike's and Garco to be prevailing parties for the purpose of awarding attorney fees.

■ "Arbitrators, when acting under the broad authority granted them by both the agreement of the parties and the statutes, become the judges of both the law and the facts, and, unless the award on its face shows their adoption of an erroneous rule, or mistake in applying the law, the award will not be vacated or modified." *Boyd v. Davis*, 127 Wn.2d 256, 263, 897 P.2d 1239 (1995). A reviewing court does not consider the merits of the case or the evidence presented to the arbitrator. *Hanson v. Shim*, 87 Wn. App. 538, 546, 943 P.2d 322 (1997), *review denied*, 134 Wn.2d 1017 (1998). This deferential review applies because " '[t]he very purpose of arbitration is to avoid the courts insofar as the resolution of the dispute is concerned.' " *Boyd*, 127 Wn.2d at 262 (quoting *Barnett v. Hicks*, 119 Wn.2d 151, 160, 829 P.2d 1087 (1992)).

■ ■ RCW 4.84.330 provides that the prevailing party in a contract action shall receive attorney fees and costs when the contract authorizes such an award. In general, a prevailing party is one who receives an affirmative judgment in his or her favor. *Riss v. Angel*, 131 Wn.2d 612, 633, 934 P.2d 669 (1997). A defendant who successfully defends may be a prevailing party. *Marine Enters., Inc. v. Security Pac. Trading Corp.*, 50 Wn. App. 768, 772, 750 P.2d 1290, *review denied*, 111 Wn.2d 1013 (1988). If neither party wholly prevails, then the party that substantially prevails on its claims is the prevailing party. *Id*. The substantially prevailing party need not prevail on his or her entire claim. *See Silverdale Hotel Assocs. v. Lomas & Nettleton Co.*, 36 Wn. App. 762, 774, 677 P.2d 773, *review denied*, 101 Wn.2d 1021 (1984).

■ The substantially prevailing party standard, however, may not lead to a fair or just result in the situation where a party receives an affirmative judgment on only a few distinct and severable contract claims. *Marassi v. Lau*, 71 Wn. App. 912, 917, 859 P.2d 605 (1993). In this circumstance, the plaintiff should be awarded attorney fees for the claims it prevails upon, the defendant should be

awarded attorney fees for those claims it successfully defends and the awards should be offset. *Id*. at 918.

Mike's contends it is the substantially prevailing party under *Riss* and *Silverdale* because it received a monetary award of $191,997, and it alone is entitled to attorney fees. Garco contends the arbitrators properly awarded attorney fees to each party based upon which party prevailed on each claim under *Marassi*.

In *Marassi*, the plaintiffs sued the defendant for breach of contract, negligence, fraudulent conveyance and misrepresentation. *Id*. at 913. Of the twelve original claims, the trial court found for the plaintiffs on one damage claim and one specific performance claim. *Id*. at 914. The trial court awarded the plaintiffs attorney fees as the sole prevailing party. *Id*. On appeal, Division One reversed the trial court. *Id*. at 920. The court declined to apply the substantially prevailing party rule because it found the claims to be severable and distinct breach claims. *Id*. at 917. Instead, the court held that both parties were entitled to attorney fees, reasoning: "[The plaintiffs] did receive an affirmative judgment, but on only 2 of the original 12 claims. In this circumstance, we believe that application of the net affirmative judgment rule or 'substantially prevailing' standard does not obtain a fair or just result." *Id*. at 916.

Here, the face of the award shows that the panel believed both parties prevailed on severable and distinct breach claims. The panel categorized Mike's damages into several separate claim items and awarded attorney fees based on which party prevailed on the particular claim item. We conclude, under *Marassi*, the arbiters had the authority to award and offset attorney fees.

Mike's also contends that the superior court erred when it declined to modify the arbitration panel's attorney fees award to include a lodestar multiplier. The face of the award does not indicate whether the arbitration panel applied any Lodestar multiplier when it awarded attorney fees. The superior court was not permitted to go behind the face of the award to reexamine the amounts. *See West-*

*mark Properties, Inc., v. McGuire*, 53 Wn. App. 400, 404, 766 P.2d 1146 (1989). Thus, the superior court correctly declined to modify the attorney fees award.

## B. Prejudgment Interest

■ The issue is whether the trial court erred by refusing to modify the arbiters' award to include prejudgment interest. Judicial review of an arbitration award is limited to the face of the award. *Boyd*, 127 Wn.2d at 263. A reviewing court does not consider the merits of the case or the evidence presented to the arbitrator. *Hanson*, 87 Wn. App. at 546.

In *Westmark Properties*, 53 Wn. App. at 404, the arbitrator awarded the plaintiff monetary damages but the award did not mention interest. The trial court modified the award to add prejudgment interest. On appeal, Division Two held the trial court erred when it added prejudgment interest to the award. *Id.* at 404. The court reasoned: "Inasmuch as the court was foreclosed from going behind the face of award, it has no basis for determining whether the amount awarded met the test for prejudgment interest; this was part of the merits of the controversy, forbidden territory for a court." *Id.*

Here, like the situation in *Westmark*, the face of the arbitration panel's award did not mention prejudgment interest. Mike's suggestion that we supplement the arbitration panel's award to include prejudgment interest would require us to reexamine the merits of the matter and is thus, precluded. We conclude the trial court did not err.

## C. Costs

■ The issue is whether the trial court erred by refusing to modify the arbiters' decision to split the arbitration fees and expenses. The arbiters' decision requires both parties to pay for the arbitration fees and expenses as provided in the subcontract. The subcontract provides arbitration under the Construction Industry Arbitration Rules of the

American Arbitration Association. Rule 50 says all expenses of the arbitration are to be borne equally by the parties unless they agree otherwise. No contrary agreement is shown. The face of the award discloses no error. We conclude the trial court did not err dividing fees and costs.

### D. Appellate Fees

Finally, both parties contend they should receive attorney fees on appeal pursuant to RAP 18.1. A contractual provision authorizing attorney fees is authority for granting fees incurred on appeal. *Marassi*, 71 Wn. App. at 920. Garco has prevailed on appeal and is entitled to an award of reasonable attorney fees.

Affirmed.

SCHULTHEIS, C.J., and KATO, J., concur.