[No. 80318-8.   En Banc.]
Argued May 29, 2008.    Decided January 15, 2009.

WACHOVIA SBA LENDING, INC., *Respondent*, v. DEANNA D. KRAFT, *Petitioner*.

482

*Douglas N. Kiger* (of *Blado Kiger PS*), for petitioner.

*Alexander S. Kleinberg* (of *Eisenhower & Carlson, PLLC*), for respondent.

*Harold T. Hartinger*, amicus curiae.

¶1 STEPHENS, J. — Deanna Kraft and Wachovia SBA Lending, Inc., doing business as Wachovia Small Business Capital, became embroiled in a dispute about whether Kraft owed Wachovia payment in connection with a loan. After moving unsuccessfully for summary judgment, Wachovia voluntarily dismissed its suit against Kraft without prejudice under CR 41. Kraft asked for attorney fees and costs, which the trial court denied. We must consider whether, in light of the voluntary dismissal, Kraft is a "prevailing party" as that term is used in RCW 4.84.330. Kraft also asks us to consider whether the trial court erred in failing to dismiss the case with prejudice. Finally, Wachovia asks for attorney fees.

¶2 We affirm the holding of the Court of Appeals, concluding that the trial court properly dismissed this case without prejudice and that Kraft is not a prevailing

party entitled to attorney fees under RCW 4.84.330. We further deny Wachovia's request for attorney fees.

I

Facts and Procedural History

¶3 In 1997, Kraft's husband, Randolph, took out a small business loan from Wachovia in order to purchase a home that would also serve as an in-home veterinary service. Kraft's husband executed a promissory note (Note), secured by a deed of trust (Deed) on the Kraft family home in North Carolina. Kraft did not sign the Note, but she signed a personal guaranty (Guaranty) in connection with the Note, and also signed the Deed on the home. The Guaranty states that the debtor must provide to the lender all sums payable under the Note. The Note includes language that requires the debtor to pay attorney fees and costs arising out of any disputes, but it does not have reciprocal language requiring such payment from the lender. The Deed includes similar language in favor of the lender. In other words, the attorney fees provisions at issue here are unilateral.[1]

¶4 The Krafts divorced in 1998. Under the separation agreement, Randolph assumed the obligations of the loan. He subsequently filed for bankruptcy. In 2004, the North Carolina home was foreclosed under the Deed. On September 19, 2005, Wachovia brought suit against Deanna Kraft in Pierce County Superior Court to recover the deficiency left on the loan after foreclosure. Trial was set for March 20,

---

[1] The Note states, "The undersigned shall pay all expenses of any nature, whether incurred in or out of court . . . including but not limited to reasonable attorney's fees and costs, which Holder may deem necessary or proper in connection with the satisfaction of the indebtedness . . . ." Clerk's Papers (CP) at 32.

The Deed states, "If Lender institutes any suit or action to enforce any of the terms of this Deed of Trust, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and on any appeal." CP at 39.

2006. In January 2006, Wachovia moved for summary judgment, which was denied on March 3, 2006.[2]

¶5 On the first day of trial, Wachovia moved for voluntary dismissal without prejudice under CR 41(a)(1)(B). In response, Kraft asked for dismissal with prejudice, arguing that the statute of limitations had run on Wachovia's claim. She also asked the trial court to reserve judgment on her request for an award of attorney fees and costs. The court entered an order of dismissal without prejudice and denied Kraft's request for a later disposition on the question of attorney fees, explaining that to do so would leave the issue to "hang out there for eternity if the parties do decide to settle and go away and never inform this Court." Report of Proceedings at 12.

¶6 Kraft appealed both decisions. The Court of Appeals commissioner determined that an order of voluntary dismissal without prejudice is not appealable under RAP 2.2(a)(3), so the court reviewed only the question of attorney fees. *Wachovia SBA Lending v. Kraft*, 138 Wn. App. 854, 858 n.4, 158 P.3d 1271 (2007). The Court of Appeals held, in part, that RCW 4.84.330 controls an award of attorney fees where a unilateral attorney fees contract provision applies, and that under that statute, Kraft was not a prevailing party entitled to attorney fees. Kraft appealed both the attorney fees issue and the issue of whether the trial court properly rejected her request for dismissal with prejudice. Pet. for Review at 1. We granted review at 163 Wn.2d 1011, 180 P.3d 1291 (2008).

---

[2] Before the trial court, Kraft argued that North Carolina law may apply. Wachovia disagreed. The trial judge did not resolve this question before the case was voluntarily dismissed. For the purposes of appeal, the parties assume that Washington law, specifically RCW 4.84.330, applies.

## II

## Analysis

### A. Denial of Dismissal with Prejudice

¶7 Kraft argues that because the statute of limitations has run on Wachovia's claim, Wachovia cannot refile this suit and the trial court should have dismissed with prejudice. Wachovia argues that this issue is not properly before the court, as the Court of Appeals concluded the issue was nonappealable under RAP 2.2(a)(3) and did not review it.

¶8 We look to the effect of a judgment to determine whether it is appealable. "Where a dismissal without prejudice has the effect of determining the action and preventing a final judgment or discontinuing the action, the dismissal is appealable." *Munden v. Hazelrigg*, 105 Wn.2d 39, 44, 711 P.2d 295 (1985). Here, the question of appealability presents something of the chicken and the egg problem. If Kraft is correct that the statute of limitations has run, then the dismissal without prejudice is final and appealable. But, we cannot determine whether she is correct unless we review the issue. Accordingly, in the interests of justice we find it appropriate to review Kraft's claim. RAP 1.2(c).

¶9 Based on the record before us, we conclude that the trial court properly dismissed without prejudice. Kraft failed to plead or allege facts showing that a statute of limitations has run. The North Carolina statute of limitations ends one year from the date of the delivery of the deed pursuant to a foreclosure sale. N.C. Gen. Stat. § 1-54. The Washington statute of limitations ends one year after the date of the trustee's sale. RCW 61.24.100(4).[3] The only facts offered here are that the Deed was foreclosed in *approximately* 2004 and that Wachovia filed its suit on September 19, 2005. Pet. for Review at 2. Because we do not

---

[3] As noted above, it is not clear which state's law applies here, so both statutes of limitation are discussed in briefing.

know when in 2004 the trustee's sale took place, or the date the Deed was delivered following foreclosure, we cannot say that the limitation period ran before September 19, 2005. Moreover, the Washington and North Carolina statutes appear to include exceptions and tolling provisions relevant to the running of the statute of limitations, which the parties have not addressed. *See* N.C. GEN. STAT. § 1-54; RCW 61.24.100(4).

¶10  In sum, Kraft has not established that the statute of limitations has run. The trial court properly dismissed the case without prejudice.

### B. Attorney Fees under RCW 4.84.330

¶11  Kraft seeks an award of attorney fees under RCW 4.84.330, arguing she is the "prevailing party" following the trial court's dismissal of the suit without prejudice. Review of this question is de novo because the meaning of RCW 4.84.330 is a question of law. *State v. Watson*, 146 Wn.2d 947, 954, 51 P.3d 66 (2002).

¶12  CR 41(a)(1)(B) allows a plaintiff to dismiss a suit voluntarily at any time before resting his case, without good cause shown. Such a dismissal will be without prejudice, unless otherwise stated in the order of dismissal, except that a dismissal by a plaintiff who has once before dismissed a suit based on or including the same claim operates as an adjudication on the merits. CR 41(a)(4). There is no allegation in this case that Wachovia previously dismissed a same or similar claim against Kraft. As discussed above, the trial court's order of dismissal without prejudice was proper.

¶13  CR 41(a)(1)(B) does not contemplate the award of costs or attorney fees when there has been a voluntary dismissal. In the context of civil actions, the question of costs and attorney fees are dealt with in a series of provisions under chapter 4.84 RCW. These provisions generally award attorney fees to the prevailing party in an action. However, "prevailing party" is not defined in the

same manner in every attorney fees statute. *See* RCW 4.84.250-.330.

¶14 Here, the attorney fees provisions at issue are unilateral. Clerk's Papers at 32, 39. Therefore, RCW 4.84-.330 applies. This statute, which is entitled, in part, "Actions on contract or lease which provides that attorney's fees and costs incurred to enforce provisions be awarded to one of parties," provides:

> In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or lease or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.
>
> . . . .
>
> As used in this section "prevailing party" means the party in whose favor final judgment is rendered.

RCW 4.84.330.

¶15 RCW 4.84.330 is not a fee-shifting statute. A fee-shifting statute is designed to "punish frivolous litigation and encourage meritorious litigation." *Brand v. Dep't of Labor & Indus.*, 139 Wn.2d 659, 667, 989 P.2d 1111 (1999). By its plain language, the purpose of RCW 4.84.330 is to make unilateral contract provisions bilateral. The statute ensures that no party will be deterred from bringing an action on a contract or lease for fear of triggering a one-sided fee provision. It does so by expressly awarding fees to the prevailing party in a contract action. It further protects its bilateral intent by defining a prevailing party as one that receives a final judgment. This language must be read into a contract that awards fees to one party any time an action occurs, regardless of whether that party prevails or whether there is a final judgment. *Cf. Touchette v. Nw. Mut. Ins. Co.*, 80 Wn.2d 327, 335, 494 P.2d 479 (1972) (holding that uninsured motorist statute expresses overrid-

ing public policy "so that the intendments of the statute are read into and become a part of the contract of insurance").

¶16 The crux of the issue before us, then, is whether a plaintiff's voluntary dismissal without prejudice is a final judgment rendered in favor of the defendant, entitling the defendant to attorney fees. We must therefore determine the meaning of "final judgment" for purposes of RCW 4.84.330.

¶17 Court of Appeals decisions that have explored this question rest on the mistaken "general" rule that "if a plaintiff voluntarily dismisses its entire action under CR 41, the defendant is considered to be the prevailing party for purposes of attorney fees under RCW 4.84.330." *Marassi v. Lau*, 71 Wn. App. 912, 918-19, 859 P.2d 605 (1993) (citing *Walji v. Candyco, Inc.*, 57 Wn. App. 284, 288, 787 P.2d 946 (1990)); *Allahyari v. Carter Subaru*, 78 Wn. App. 518, 522-24, 897 P.2d 413 (1995).

¶18 This reflects an incorrect view of our precedent. *Marassi* attributed this general rule to *Walji*, but *Walji* made no such statement. *Walji* merely held that the statutory definition of "prevailing party" under RCW 4.84.330 could not be imposed where there was already a bilateral contract. *Walji*, 57 Wn. App. at 287-88. Although the *Walji* court explained that a voluntary dismissal cannot be used for the "purpose of precluding attorney fees to a defendant who has 'prevailed' as things stand at [the point of dismissal]," *id.* at 289, this language was applicable to a bilateral contract that was not controlled by RCW 4.84.330. *Walji* never set forth a general rule that equated voluntary dismissal to a final judgment for the purposes of determining a prevailing party under RCW 4.84.330. The court in *Marassi* erred by applying the language of RCW 4.84.330 to a bilateral contract and further erred by citing *Walji* to suggest that under the statute, a voluntary dismissal amounts to a final judgment. Any reliance on *Marassi* in this case would be similarly flawed.

¶19 Likewise, although *Allahyari* ultimately concluded that RCW 4.84.330 did not apply to the facts there, it

reiterated *Marassi*'s mischaracterization of the general rule regarding RCW 4.84.330 and voluntary dismissal. *Allahyari*, 78 Wn. App. at 522-24. Not only does *Allahyari* lack facts that encompass RCW 4.84.330, it is also unpersuasive because it repeats *Marassi*'s flawed reasoning.[4]

¶20 *Marassi* appears to have crafted its erroneous rule from language in *Andersen v. Gold Seal Vineyards, Inc.*, 81 Wn.2d 863, 505 P.2d 790 (1973). *Andersen* suggests that a defendant may prevail when a plaintiff voluntarily dismisses a claim by virtue of the fact that the plaintiff "failed to prove his claim." *Id.* at 868. *Andersen* also states that the general rule regarding nonsuits is that the defendant is regarded as having prevailed. *Id.* But *Andersen* did not deal with an award under RCW 4.84.330 and did not involve a statutory definition of "prevailing party" as a party who receives a final judgment. Thus, *Andersen* did not answer the question before us. RCW 4.84.330 requires a final judgment to operate.

¶21 The other cases cited by Kraft do not advance her position. None involve the application of RCW 4.84.330 and so do not contain reasoning that is constrained by the statutory definition of "prevailing party" as one who obtains a favorable final judgment. *In re Guardianship of Freitas*, 58 Wn.2d 400, 363 P.2d 385 (1961) (concerning an action for costs unrelated to RCW 4.84.330); *Hawk v. Branjes*, 97 Wn. App. 776, 779-82, 986 P.2d 841 (1999) (concerning a bilateral contract provision unaffected by RCW 4.84.330).

¶22 The case law cited by Kraft does not lend meaning to the term "final judgment." Neither is the term defined in RCW 4.84.330. "[I]n the absence of a statutory

---

[4] The Court of Appeals below repeated the error of *Marassi* by mischaracterizing the language of *Walji* that states a voluntary dismissal is not intended to preclude " 'attorney fees to a defendant who has "prevailed" as things stand at that point.' " *Wachovia*, 138 Wn. App. at 861 n.8 (quoting *Walji*, 57 Wn. App. at 289). As noted above, *Walji* did not concern a unilateral attorney fees provision, and therefore attorney fees for the parties there were not dependent upon a final judgment. Thus, while we affirm the holding of the Court of Appeals, we note some disagreement with its reasoning.

definition this court will give the term its plain and ordinary meaning . . . ." *Watson*, 146 Wn.2d at 954. In ordinary usage, a "final judgment" is "[a] court's last action that settles the rights of the parties and disposes of all issues in controversy . . . ." BLACK'S LAW DICTIONARY 859 (8th ed. 2004). By this well-accepted definition, a "voluntary dismissal" is not a final judgment. A voluntary dismissal leaves the parties as if the action had never been brought. *Beckman v. Wilcox*, 96 Wn. App. 355, 359, 979 P.2d 890 (1999); *State v. Taylor*, 150 Wn.2d 599, 602, 80 P.3d 605 (2003). No substantive issues are resolved, and the plaintiff may refile the suit. Because a voluntary dismissal is not a final judgment rendered in favor of the defendant, the Court of Appeals correctly concluded that Kraft cannot be considered a prevailing party under RCW 4.84.330.

¶23 The Court of Appeals below expressed apparent dissatisfaction with RCW 4.84.330's requirement of final judgment. *Wachovia*, 138 Wn. App. at 861 n.8. It complained that the "statute, as written, permits a contract containing a unilateral attorney fee provision to be tested against summary judgment and later dismissed without the legislature's reciprocal purpose coming due." *Id.* But in fact, here the statute's reciprocal purpose has come due. By operation of the statute upon the parties' contract, Wachovia cannot benefit from its one-sided attorney fees provision and is precluded from obtaining fees from Kraft in the absence of a final judgment in its favor. Conversely, had Kraft initiated this suit and then voluntarily dismissed it, our holding ensures that RCW 4.84.330 would protect her from paying Wachovia's attorney fees, despite their unilateral contract language specifying otherwise. The mutuality intended by the statute means that where neither party prevails with a final judgment, neither party is entitled to attorney fees.

## C. Attorney Fees for Wachovia

¶24 In its argument before the Court of Appeals, Wachovia requested attorney fees under RCW 4.84.330. The Court

of Appeals denied the motion, properly reasoning that Wachovia was no more a prevailing party under RCW 4.84.330 than was Kraft. In its answer to Kraft's petition for review, Wachovia again requested attorney fees for responding to the petition. At oral argument before this court, Wachovia clarified that it is actually asking for attorney fees in this court.

¶25 We may award attorney fees under RAP 18.1(a) if applicable law grants to a party the right to recover reasonable attorney fees and if the party requests the fees as prescribed by RAP 18.1. RAP 18.1(b) requires a party to devote a section of its opening brief to argument on attorney fees but allows a party's request before the Court of Appeals to continue as its request before this court.

¶26 Having had its attorney fee request rejected by the Court of Appeals, Wachovia changed its argument in its answer to the petition for review. Instead of arguing that attorney fees are warranted under RCW 4.84.330, Wachovia now argues that the contract underlying this case allows it to recover attorney fees. Resp't's Answer to Pet. for Review at 15-16.

¶27 The point of RCW 4.84.330, however, is that Wachovia's contract terms cannot operate unilaterally to circumvent the statute's purpose. Wachovia does not address this argument in its brief before this court and provides no authority for an award of fees other than RAP 18.1(a). Wachovia should bear its own costs in this appeal. *See Wilson Court Ltd. P'ship v. Tony Maroni's, Inc.*, 134 Wn.2d 692, 710 n.4, 952 P.2d 590 (1998) ("[RAP 18.1(b)] requires more than a bald request for attorney fees on appeal. Argument and citation to authority are required under the rule to advise us of the appropriate grounds for an award of attorney fees as costs." (citation omitted)).

## III

### Conclusion

¶28 RCW 4.84.330 is designed to make a unilateral attorney fees provision bilateral when a contracting party receives a final judgment. We hold that a voluntary dismissal is not a final judgment as contemplated under RCW 4.84.330, and Kraft is therefore not entitled to attorney fees. We further hold that the trial court properly dismissed Wachovia's suit without prejudice. Finally, we deny Wachovia's request for attorney fees. We affirm the Court of Appeals.

ALEXANDER, C.J., and C. JOHNSON, MADSEN, SANDERS, CHAMBERS, OWENS, FAIRHURST, and J.M. JOHNSON, JJ., concur.

Reconsideration denied March 11, 2009.