# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | | |
|---|---|---|---|
| DALE R. HARKINS and ELISABETH H. HARKINS, a married couple, | ) ) ) | No. 69868-1-I | |
| Appellants, | ) ) | DIVISION ONE | |
| v. | ) ) | UNPUBLISHED OPINION | |
| | ) ) | | |
| CARRIE L. MERRILL, a single woman, | ) ) | | |
| Respondent. | ) | FILED: April 29, 2013 | |

GROSSE, J. — A court has discretion to extend the time constraints of a court rule to avoid unlikely, absurd, or strained consequences. Here, the trial court found that both the plaintiff and defendant prevailed. However, the plaintiff failed to file a motion for attorney fees within the 10 day timeframe specified in CR 54. But CR 54(d)(2) specifically provides that a court may enlarge the timeframe within which to bring certain motions on its own orders. We reverse and remand.

## FACTS

In April 2004, Dale and Elisabeth Harkins (Harkins) sold property to Carrie Merrill under a real estate purchase and sale agreement (REPSA) that provided for attorney fees and costs arising from any disputes. An addendum to the REPSA expressly excluded certain items of personal property from the sale. Closing was accelerated to May 11, with possession on May 13. Dale Harkins, ill with lymphoma, failed to remove all of his personal items from the premises. Merrill arrived the evening of May 13. Upset that the barn had not been cleared, Merrill ordered Harkins and his helpers off the property and refused to permit them to return the following day to retrieve their remaining property. The following day, Merrill employed a junk hauler to remove all of

Harkins' property. Because the hauler was costly, Merrill permitted the hauler to take whatever he wished at no cost.

Harkins sued Merrill to recover damages for property alleging multiple theories or recovery, including breach of contract, negligence, conversion of bailed property, and breach of non-gratuitous bailment. Harkins also sued to recover damages for personal injuries under a theory of intentional infliction of emotional distress.

A bench trial was held over the course of two days in April and May 2011. At a hearing on June 2, 2011, the court issued its ruling finding that there was no contractual violation, because there was no express provision in the RESPA allowing Harkins to store the items past the date of closing. The court found that although Merrill's conduct was boorish, selfish, and mean, it did not reach the level of tortuous conduct. With regard to the claims for negligence, conversion of bailed property, and breach of non-gratuitous bailment, the trial court found Merrill liable for the property and awarded judgment in the amount of $5,200. At the same June 2 hearing, Merrill moved for attorney fees. The court entered findings of fact and conclusions of law and judgment reserving the issue of attorney fees.

The court found that both parties were entitled to attorney fees, but that Harkins' motion was untimely and thus his request for fees was denied. Finding that Merrill prevailed on the personal injury claim and lost on the personal property claim, the court awarded her half of her attorney fees which equaled $8,452. Applying the $5,200 judgment in favor of Harkins, Merrill recovered $3,252. Harkins timely appeals.[1]

---

[1] RAP 5.2(3) specifically provides that a notice of appeal may be filed within 30 days of entry of the order denying the motion for reconsideration.

ANALYSIS

RCW 4.84.330 provides for an award of attorney fees where provided for in a contract. Paragraph 16 of the REPSA provides in pertinent part:

> If the Buyer, Seller . . . involved in this transaction is involved in any dispute relating to this transaction, any prevailing party shall recover reasonable attorney's fees and costs (including those for appeals) which relate to the dispute.

The trial court found that both parties prevailed. Harkins first contends that he, not Merrill, is the prevailing party because he was the only person who received an affirmative judgment.

Whether a party is a "prevailing party" is a mixed question of law and fact that we review under an error of law standard.[2] The question as to which party substantially prevailed is often subjective and difficult to assess.[3] As a general rule, the prevailing party is one who receives an affirmative judgment in its favor.[4] A party need not prevail on all issues to be considered a prevailing party.[5] But if neither party wholly prevails, the determination of who is the substantially prevailing party depends on the extent of the relief afforded.[6] In Marassi v. Lau, we concluded that where multiple and distinct claims were at issue, the trial court should take a "proportionality approach."[7] But if both

---

[2] Eagle Point Condo. Owners, Ass'n v. Coy, 102 Wn. App. 697, 706, 9 P.3d 898 (2000).
[3] Marassi v. Lau, 71 Wn. App. 912, 917, 859 P.2d 605 (1993), overruled on other grounds by Wachovia SBA Lending, Inc. v. Kraft, 165 Wn.2d 481, 490-92, 200 P.3d 683 (2009).
[4] Riss v. Angel, 131 Wn.2d 612, 633, 934 P.2d 669 (1997) (Under RCW 4.84.330 "the determination of who is a prevailing party depends upon who is the substantially prevailing party, and this question depends upon the extent of the relief afforded the parties.").
[5] Kysar v. Lambert, 76 Wn. App. 470, 493, 887 P.2d 431 (1995).
[6] Transpac Dev., Inc. v. Oh, 132 Wn. App. 212, 217-19, 130 P.3d 892 (2006); Marine Enter., Inc. v. Sec. Pac. Trading Corp., 50 Wn. App. 768, 772, 750 P.2d 1290 (1988).
[7] 71 Wn. App. 912, 917, 859 P.2d 605 (1993).

parties prevail on major issues, both parties bear their own costs and fees.[8]  The Marassi court stated:

> We hold that when the alleged contract breaches at issue consist of several distinct and severable claims, a proportionality approach is more appropriate. A proportionality approach awards the plaintiff attorney fees for the claims it prevails upon, and likewise awards fees to the defendant for the claims it has prevailed upon. The fee awards are then offset.[9]

Here, the trial court found that both parties were entitled to recover attorney fees under an attorney fee clause in the REPSA.  Ordinarily those fees would offset one another.  Harkins filed a motion for extension of time within which to file his request for attorney fees.  But that motion was filed 11 days after judgment was entered.  The court found that Harkins' motion for fees was untimely and therefore he was not entitled to an award of fees.

Harkins argues that the trial court erred when it determined that his request for additional time within which to file a motion for attorney fees was untimely.  The court found that Harkins failed to file a motion for attorney fees within the 10 days prescribed by CR 54(d)(2) and also failed to file a motion for an extension of time within that 10 days as permitted by CR 6(b).  In holding the fee request untimely, the court stated:

> Further, on the attorney's fee claim, and despite the unfortunate result, the Court lacks the authority to disregard strict timelines under the Washington Rules of Court, in order to [a]ffect lenity.

The trial court's basis for its reasoning is difficult to ascertain.  In one part of the ruling, it appears the court found Harkins' reasons for delayed filing inadequate on the record:

> Plaintiff represents that, due to the age of the case and the difficulty of recovering billing records, the "neglect" was excusable, constituting good cause for non compliance with CR 6(b).  Defendant points out that

---

[8] Phillips Bldg. Co., Inc. v. An., 81 Wn. App. 696, 702, 915 P.2d 1146 (1996).
[9] Marassi, 71 Wn. App. at 917.

4

difficulty in accessing billing records may be a valid basis for extension, but does not explain the absence of a request for an extension within the 10 days period.

The court has some discretion in determining whether failure to comply with a deadline is excusable. I regretfully must say, however, that the record on these facts does not permit me to exercise discretion, in the form of ignoring the requirements of the rule.

On the other hand, the court notes in its final ruling on the second motion for reconsideration the court makes the following observation:

The ruling granting attorney's fees to Defendant is not a ruling I found pleasant. Under the procedural posture of this case, however, I felt I had no discretion. The current motion for reconsideration is denied. If I am wrong, I should be, and hope to be reversed.

CR 54(d) provides that claims for attorney's fees must be filed no later than 10 days after entry of judgment. Merrill relies on Corey v. Pierce County,[10] to support her argument that the 10 day limit in CR 54(d) is mandatory. But the court there noted that, unlike here, Corey had not shown excusable neglect or reason for delay in making her request for fees.[11] From the record before us, we cannot determine whether the trial court ever considered the reasons set forth by Harkins or whether they amounted to excusable neglect.

Additionally CR 54(d)(2) provides the court with discretion to enlarge the 10 day time frame. CR 54(d)(2) provides that the timeframe applies "[u]nless otherwise provided by . . . order of the court." CR 6(b) addresses the court's discretion to extend such deadlines and provides rules for which the court may not enlarge such deadlines. CR 54(d) is not one of those rules.

---

[10] 154 Wn. App. 752, 225 P.3d 367 (2010).

[11] Corey, 154 Wn. App. at 774.

5

Further, the 10 day limit under CR 54(d)(2) is "intended to prevent parties from raising trial-level attorney fee issues very late in the appellate process, sometimes after one or all appellate briefs have been submitted."[12] Here, the court abused its discretion in not exercising that discretion. Harkins moved for an extension of time 11 days after the 10 day limit.

We reverse and remand to the trial court to determine whether either party is entitled to fees as the substantially prevailing party or whether each party should bear their own fees and costs. If the trial court awards fees, the court should also determine reasonable attorney fees, if any, on appeal.[13]

WE CONCUR:

---

[12] 4 KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE § 54, Supp. 40 (5th ed. 2006 & Supp.2010) (drafters' comment on 2007 amendment to CR 54(d)(2)).

[13] See Reeves v. McClain, 56 Wn. App. 301, 311, 783 P.2d 606 (1989) ("[a] contractual provision for an award of attorney fees at trial supports an award of attorney fees on appeal").