[No. 64935-3-I.   Division One.   May 17, 2010.]

RONALD RENFRO ET AL., *Appellants*, v. PARAMINDER KAUR ET AL., *Respondents*.

658

*Kenneth W. Masters* (of *Wiggins & Masters PLLC*), for appellants.

*Carmen R. Rowe Hoogkamer* (of *Jay A. Goldstein Law Office PLLC*), for respondents.

¶1 LAU, J. — In a transaction for the sale of residential real property, RCW 64.06.020 requires the seller to deliver to the buyer a completed seller statement that discloses the property's condition. The seller's failure to comply, unless the buyer expressly waives the right, entitles the buyer to rescind the contract. After Sukdev Hothi, Mehar Sandhu, and Paraminder Kaur (buyers) and Ronald and Lana Renfro (sellers) signed a real estate purchase and sale agreement, the buyers rescinded the contract due to the sellers' failure to deliver the disclosure statement. The sellers sued to enforce the contract. We affirm the trial court's order granting summary judgment to the buyers and awarding attorney fees. And we remand to the trial court to determine the buyers' fees and costs incurred on appeal.

## FACTS AND PROCEDURAL HISTORY

¶2 Our review of the record shows the following undisputed facts. On September 5, 2006, the buyers entered into a real estate purchase and sale agreement (contract) with the sellers[1] for residential property located in Pierce County. The contract required the buyers to make three earnest money payments.

> **Earnest Money**. As earnest money, Purchasers shall deliver to Seller the following amounts at specified milestones: TWENTY FIVE THOUSAND DOLLARS ($25,000.00) upon signing of this document; ONE HUNDRED SEVENTY FIVE THOUSAND DOLLARS ($175,000.00) no later than thirty (30) days after signing this document; and FIFTY THOUSAND ($50,000.00) on or before six (6) months after the signing of this document. THIS EARNEST MONEY IS NON-REFUNDABLE.

While the contract does not specifically mention the chapter 64.06 RCW seller disclosure statement, it contained the following provision:

> **Other Conditions**:
>
> This Agreement does not include such other and further documentation and disclosure forms as may be required under law for the purchase and sale of real estate in the state of Washington.
>
> By executing this Agreement, Purchasers and Sellers accept all of its terms and conditions.

¶3 Sometime after the buyers made the first and second earnest payments due under the contract, they claimed the sellers had misrepresented the lot size and requested to renegotiate the purchase price. Then on November 7, 2006, the buyers gave the sellers written notice of their intent to rescind the contract based on the sellers' lot size misrepresentation and failure to provide the statutory disclosure

---

[1] The Renfros are trustees of the Renfro Family Trust and together appeal the summary judgment order.

statement. This notice also reiterated that the buyers were "still open to purchasing the property if the Sellers are willing to reduce the price by twenty-five percent." On February 7, 2007, the buyers' counsel wrote to the sellers that they were rescinding the contract and demanded the return of their earnest money payments.

> My clients therefore hereby exercise their right, in their sole discretion, to rescind the purchase and sale contract under RCW 64.06.030 for the persistent failure to provide the requested and required property disclosures. This requires an "immediate return" of all deposits, namely the $200,000.

On February 22, 2007, the sellers provided the buyers with the statutory disclosure statement. When the third earnest money installment came due on March 5, the buyers did not make the payment.

¶4 Consequently, on May 14, 2007, the sellers filed a complaint alleging breach of contract and anticipatory breach of contract. They also recorded the purchase and sale agreement with the Pierce County auditor on the same day. Following discovery, the buyers moved for summary judgment on June 13, 2008, and noted the motion hearing for July 11, 2008. Due to schedule conflicts, the hearing was continued twice and finally scheduled for September 26, 2008. In the meantime, the sellers deposed the buyers the week before the summary judgment hearing. As a result, the deposition transcripts were unavailable by the hearing date and the sellers moved unsuccessfully for another continuance. Despite the buyers' motion to strike, the trial court considered an affidavit by the sellers' counsel summarizing the deposition testimony. The court granted summary judgment in the buyers' favor and denied the sellers' reconsideration motion, which included the previously unavailable deposition transcripts. And it entered a judgment against the sellers for the earnest money amount paid, interest accrued, attorney fees, and costs. This appeal followed.

## *ANALYSIS*

### *Standard of Review*

¶5 When reviewing an order granting summary judgment, we engage in the same inquiry as the trial court, viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wn.2d 493, 501, 115 P.3d 262 (2005). Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. CR 56(c); *Hearst*, 154 Wn.2d at 501. "In the contract interpretation context, '[s]ummary judgment is not proper if the parties' written contract, viewed in light of the parties' other objective manifestations, has two "or more" reasonable but competing meanings.' " *Go2Net, Inc. v. C I Host, Inc.*, 115 Wn. App. 73, 83, 60 P.3d 1245 (2003) (alteration in original) (quoting *Hall v. Custom Craft Fixtures, Inc.*, 87 Wn. App. 1, 9, 937 P.2d 1143 (1997)). Interpreting the provisions of a contract is a question of law when the interpretation does not depend on the use of extrinsic evidence or there is only one reasonable inference from the extrinsic evidence. *Lynott v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 123 Wn.2d 678, 684, 871 P.2d 146 (1994). Similarly, "[w]hether a waiver has occurred is a question of fact, unless reasonable minds could reach but one conclusion." *Harmony at Madrona Park Owners Ass'n v. Madison Harmony Dev., Inc.*, 143 Wn. App. 345, 361, 177 P.3d 755, *review denied*, 164 Wn.2d 1032 (2008).

### *Waiver of Statutory Disclosures*

¶6 Although the sellers raise several challenges to the trial court's summary judgment order, the dispositive issue is whether the buyers "expressly waived the right to receive the disclosure statement." RCW 64.06.020.[2] According to

---

[2] The parties acknowledge that waiver is the critical question in this appeal.

the sellers, the contract's "Other Conditions" provision, together with extrinsic evidence of the parties' intent, raises disputed fact issues about whether the buyers waived their disclosure right. The buyers respond that the contract contains no express waiver term and the sellers' extrinsic evidence impermissibly modifies an unambiguous clause.

¶7 " 'The touchstone of contract interpretation is the parties' intent.' " *Go2Net*, 115 Wn. App. at 83-84 (quoting *Tanner Elec. Coop. v. Puget Sound Power & Light Co.*, 128 Wn.2d 656, 674, 911 P.2d 1301 (1996)). Washington courts follow the objective manifestation theory of contracts, looking for the parties' intent as objectively manifested rather than their unexpressed subjective intent. *Hearst*, 154 Wn.2d at 503. Thus, we consider only what the parties wrote, giving words in a contract their ordinary, usual, and popular meaning unless the agreement as a whole clearly demonstrates a contrary intent. *Hearst*, 154 Wn.2d at 504.

¶8 "[E]xtrinsic evidence is admissible to aid in ascertaining the parties' intent 'where the evidence gives meaning to words used in the contract.' " *In re Marriage of McCausland*, 129 Wn. App. 390, 402, 118 P.3d 944 (2005) (quoting *Hollis v. Garwall, Inc.*, 137 Wn.2d 683, 695, 974 P.2d 836 (1999)), *rev'd on other grounds*, 159 Wn.2d 607, 152 P.3d 1013 (2007). And we recently reiterated, "[e]xtrinsic evidence may be considered regardless of whether the contract terms are ambiguous." *King v. Rice*, 146 Wn. App. 662, 671, 191 P.3d 946 (2008). But extrinsic evidence may not be used " '(1) to establish a party's unilateral or subjective intent as to the meaning of a contract word or term; (2)

---

"The central issue in this summary judgment is whether the purchasers' oral disclaimers, together with the 'Other Conditions' provision in the [Real Estate Purchase and Sale Agreement], constitute an express waiver of residential real property disclosures required under RCW 64.06, *et seq.*" Br. of Appellant at 21.

"The sole relevant issue in this appeal is this: did the trial court error [sic] when it found . . . that no reasonable person could conclude that the contract clause at issue constituted an *express* waiver of the statutory disclosure requirements . . . . This is the only relevant question on appeal: whether or not there was waiver." Amended Br. of Resp't at 8, 23.

to show an intention independent of the instrument; or (3) to vary, contradict, or modify the written word.' " *McCausland*, 129 Wn. App. at 402 (quoting *W. Wash. Corp. of Seventh-Day Adventists v. Ferrellgas, Inc.*, 102 Wn. App. 488, 495, 7 P.3d 861 (2000)).

¶9 In 1994, the Washington legislature adopted chapter 64.06 RCW. It requires sellers of improved residential real property to deliver to buyers a completed seller disclosure statement unless the buyer has expressly waived that right.

> In a transaction for the sale of improved residential real property, the seller shall, *unless the buyer has expressly waived the right to receive the disclosure statement* under RCW 64.06.010, or unless the transfer is otherwise exempt under RCW 64.06.010, deliver to the buyer a completed seller disclosure statement in the following format and that contains, at a minimum, the following information . . . .

RCW 64.06.020(1) (emphasis added). And "[u]nless the buyer has expressly waived the right to receive the disclosure statement," a seller of improved residential property must deliver to the buyer a statement containing disclosures prescribed by the statute within five days of the purchase and sale agreement. RCW 64.06.030. "Upon receipt of the disclosure statement, the buyer has a three day period within which to exercise the right to rescind the agreement and obtain immediate return of earnest money." *Almanza v. Bowen*, 155 Wn. App. 16, 20, 230 P.3d 177 (2010); RCW 64.06.030. If the buyer fails to timely deliver the disclosure statement, the period for the buyer's right of rescission is extended.

> If the seller in a residential real property transfer fails or refuses to provide to the prospective buyer a real property transfer disclosure statement as required under this chapter, the prospective buyer's right of rescission under this section shall apply until the earlier of three business days after receipt of the real property transfer disclosure statement or the date the transfer has closed, *unless the buyer has otherwise waived the right of rescission in writing*. Closing is deemed to occur

when the buyer has paid the purchase price, or down payment, and the conveyance document, including a deed or real estate contract, from the seller has been delivered and recorded. After closing, the seller's obligation to deliver the real property transfer disclosure statement and the buyer's rights and remedies under this chapter shall terminate.

RCW 64.06.040(3) (emphasis added).

¶10 The sellers first argue that language in paragraph 21 of the contract establishes the buyers' express waiver of the disclosure statement requirement.

21. **Other Conditions:**

This Agreement does not include such other and further documentation and disclosure forms as may be required under law for the purchase and sale of real estate in the state of Washington.

"Waiver is the intentional abandonment or relinquishment of a known right, and intent to waive must be shown by unequivocal acts or conduct which are inconsistent with any intention other than to waive." *Madison*, 143 Wn. App. at 361. Under this well-accepted principle, paragraph 21 does not establish express waiver. It contains neither express or implied waiver language nor any reference to chapter 64.06 RCW. Rather, it unambiguously states, "This Agreement *does not include* such other and further documentation and *disclosure forms* as may be required under law," thus underscoring that disclosures are both required and not waived. (Emphasis added.) Because RCW 64.06.020(3) provides, "The seller disclosure statement . . . shall not be considered part of any written agreement between the buyer and seller of residential property," it is not surprising that the contract contained no disclosure statement.

¶11 Nevertheless, the sellers assert that defendant Hothi's deposition testimony establishes the parties' intent that paragraph 21 constitute a disclosure waiver. Hothi testified that he understood paragraph 21 to "mean there's no need [for] any other papers. . . . This mean[s] both

parties accept this agreement." But there is no evidence (and the sellers point to none) that Hothi ever communicated this understanding to the sellers or that they understood paragraph 21 to constitute a disclosure waiver. As such, Hothi's testimony impermissibly expresses a unilateral, subjective view of one party's intent that cannot be considered when interpreting paragraph 21. *See Hearst*, 154 Wn.2d at 503-04; *Ferrellgas*, 102 Wn. App. at 495 (extrinsic evidence cannot be used "to establish a party's unilateral or subjective intent as to the meaning of a contract word or term"). But even if considered, Hothi's subjective belief about the meaning of paragraph 21 falls well short of demonstrating an "intentional abandonment or relinquishment of a known right." *Madison*, 143 Wn. App. at 361.

¶12 Finally, the sellers argue that the buyers orally waived their right to receive the disclosure statement. According to Ronald Renfro's affidavit,

> Defendants verbally told me, while physically inspecting the property, that they would not need a disclosure statement, that they were willing to take the property "as is" . . . . Defendants insisted on including language in the agreement waiving any and all disclosure documents for the closing of this transaction.

But the sellers cite no authority or offer any rationale to support the proposition that oral statements satisfy the "express waiver" requirement of chapter 64.06 RCW. And if the seller has not provided a disclosure statement, the buyer may rescind "unless the buyer has otherwise waived the right of rescission *in writing*." RCW 64.06.040(3) (emphasis added). Furthermore, whether the "[d]efendants insisted on including language in the agreement waiving . . . disclosure documents" is immaterial as the contract includes no waiver term and extrinsic evidence may not be used "to show an intention independent of the instrument." *Ferrellgas*, 102 Wn. App. at 495.

¶13 We conclude that the trial court properly granted the buyers' summary judgment motion because no material

fact issues exist and the buyers are entitled to judgment as a matter of law on the express waiver question.

### Depositions

¶14 The sellers next argue that the trial court erred by refusing to postpone the summary judgment hearing to consider the buyers' depositions and to consider these depositions on reconsideration. Specifically, they argue, "[T]he trial court's Order Denying Reconsideration unequivocally refused to reconsider and left the prior summary judgment ruling 'unchanged.' Thus, the trial court improperly refused to consider the transcripts." Reply Br. of Appellants at 17 (citation omitted). We review evidentiary rulings made in connection with a summary judgment ruling de novo. *Folsom v. Burger King*, 135 Wn.2d 658, 663, 958 P.2d 301 (1998); *Ross v. Bennett*, 148 Wn. App. 40, 45, 203 P.3d 383 (2008).

¶15 The undisputed record shows that the deposition transcripts were not available by the summary judgment hearing date.[3] Yet the court considered not only an affidavit by the sellers' counsel summarizing the deposition testimony, it later considered the actual deposition transcripts on the sellers' reconsideration motion—"I read through the depositions, again, since they were submitted to me. There is nothing in the record that changes my mind." Report of Proceedings (Oct. 24, 2008) at 11. And because the deposition testimony consists of impermissible unexpressed subjective intent evidence, it fails to establish a genuine fact issue. Accordingly, the sellers' deposition claims fail.

### Attorney Fees

¶16 The sellers next challenge the trial court's attorney fees award to the buyers, and both parties request fees on appeal. A party may be awarded attorney fees based on a contractual fee provision at the trial and appellate

---

[3] While the sellers complain about the decision not to grant additional time, they do not assign error to it.

level. *Kaintz v. PLG, Inc.*, 147 Wn. App. 782, 785, 197 P.3d 710 (2008); *Mike's Painting, Inc. v. Carter Welsh, Inc.*, 95 Wn. App. 64, 71, 975 P.2d 532 (1999); RAP 18.1. Whether a contractual provision authorizes the award of attorney fees is a question of law reviewed de novo. *Kaintz*, 147 Wn. App. at 785-86. Paragraph 10 of the contract provides, "In any action to enforce this Agreement or for damages resulting from a breach thereof, the prevailing party shall be entitled to their reasonable attorney's fees."

¶17 Because the buyers prevailed below and on appeal, they are entitled to attorney fees and costs based on the contract's fees and costs provision. We affirm and remand for an award of fees and costs incurred on appeal pursuant to RAP 18.1(i).

Cox and APPELWICK, JJ., concur.

Review denied at 170 Wn.2d 1006 (2010).