**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 25 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| SUPERVALU HOLDINGS, INC., a Missouri corporation,<br><br>              Plaintiff - Appellant,<br><br>   v.<br><br>RICHARD R. MORRIS, JR., co-trustee of the Barbara Morris Testamentary Trust; RICHARD A. MORRIS, co-trustee of the Barbara Morris Testamentary Trust; BARBARA MORRIS TESTAMENTARY TRUST; RICHARD R. MORRIS, JR., individually,<br><br>              Defendants - Appellees. | No. 11-35011<br><br>D.C. No. 3:09-cv-05351-BHS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted January 10, 2012
Seattle, Washington

Before: GRABER, FISHER, and RAWLINSON, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appellant Supervalu Holdings, Inc. (Supervalu) challenges the district court's partial grant of summary judgment in favor of Appellees Richard R. Morris, Jr. and Richard A. Morris, and the district court's denial of Supervalu's motion for reconsideration. During negotiations for a new lease, Supervalu and Morris disputed the meaning of the undefined term "loan constant," as utilized in an option provision in the new lease.

The district court did not abuse its discretion when it held that Supervalu's hearsay evidence of the parties' understanding of the meaning of "loan constant" was inadmissible. *See In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 386 (9th Cir. 2010) ("We cannot declare that the district court reached an illogical or implausible result by excluding apparent hearsay or documents without sufficient foundational support as the rules of evidence prescribe . . ."); *see also Intermountain Fair Hous. Council v. Boise Rescue Mission Ministries*, 657 F.3d 988, 998 (9th Cir. 2011) ("Conclusory affidavits that do not affirmatively show personal knowledge of specific facts are insufficient to defeat summary judgment.") (citation and alteration omitted).

Even if admissible, Supervalu's extrinsic evidence did not raise a material factual dispute regarding the parties' respective interpretations of the meaning of "loan constant." The extrinsic evidence was limited to Supervalu's subjective

2

intent during negotiations subsequent to the signing of the original lease. *See*

*Renfro v. Kaur*, 235 P.3d 800, 803 (Wash. Ct. App. 2010) ("[E]xtrinsic evidence

may not be used (1) to establish a party's unilateral or subjective intent as to the

meaning of a contract word or term; (2) to show an intention independent of the

instrument; or (3) to vary, contradict, or modify the written word.") (citation and

internal quotation marks omitted).

Because Supervalu failed to provide any contrary definition of "loan

constant" that was adopted by the parties, the district court properly granted

summary judgment premised on the ordinary meaning of "loan constant." *See*

*Hearst Commc'ns, Inc. v. Seattle Times Co.*, 115 P.3d 262, 267 (Wash. 2005) (en

banc) ("We generally give words in a contract their ordinary, usual, and popular

meaning unless the entirety of the agreement clearly demonstrates a contrary

intent. We do not interpret what was intended to be written but what was

written.") (citations omitted).

Additionally, summary judgment was warranted because Supervalu

conditioned its exercise of the option on Morris' acceptance of Supervalu's

interpretation of the disputed term "loan constant." *See Duprey v. Donahoe*, 323

P.2d 903, 906 (Wash. 1958) ("If the optionee attaches conditions not warranted by

the terms of the option to his acceptance . . . this itself amounts to a rejection . . .")

(citation omitted).

**AFFIRMED.**