[No. 64-40462-1.    Division One.    December 15, 1969.]
Panel 1

DALE A. ANDERSON, *Respondent*, v. MAX SHAIN *et al.*,
*Appellants.*

*Malcolm L. Edwards,* for appellants.

*Dore, Dubuar, Badley & Cunningham* and *Fred H. Dore,* for respondent.

FARRIS, J.—Action was commenced by Dale A. Anderson, doing business as Dale Anderson Realty, to recover $25,200 allegedly due as a real estate broker's commission. The trial court granted judgment as prayed for by the plaintiff. Defendant appealed.

The appellants are the owners of a 50-unit apartment building located in King County known as the Fountaine-bleau Apartments. In September of 1965, the plaintiff learned that the property was for sale. He contacted defendant Stromberg and was advised that the sales price was $755,000 with a required down payment of $175,000.

The plaintiff was also informed that a first mortgage of approximately $450,000 was an encumbrance on the property. The same month the plaintiff showed the apartment to Mr. and Mrs. James Reece, a couple with whom he had been involved in two prior real estate transactions. The Reeces were interested in the property but were either unwilling or unable to make the required down payment.

In April, 1966, the plaintiff again contacted Stromberg. He was told that the defendants would consider taking a smaller down payment. On April 21, 1966, the plaintiff drew up an earnest money agreement offering $725,000 for the property. The Reeces signed the agreement and he submitted it to the defendants. The defendants did not accept the offer as written. They wrote in certain changes on the face of the agreement and returned it with the following letter dated April 25, 1966, which states in part:

Dear Mr. Anderson:

We have accepted your Earnest Money Receipt and Agreement. This letter shall act as further conditions which will require your purchasers acceptance and shall further become part of the attached Earnest Money Recipt and Agreement.

The additional terms and conditions are:

1. The purchase price shall be $745,000.00.

2. . . . The reason that we are requesting this extension is to give us time to contact our source of financing since the purchasers are paying a minimum down payment. Our requirements are such that we need more than $50,000.00 to conform with #1 of your Earnest Money Agreement whereby we agree to clear the property of all encumbrances except the present first mortgage.

The earnest money agreement, dated April 21, 1966, with the changes, was initialed by all parties on a date that is not known from the record but the document was receipted by the Reeces on April 28, 1966. Subsequently, the plaintiff prepared a new earnest money agreement, dated May 3, 1966, which was accepted by the defendants on May 4, 1966. The second earnest money agreement was marked

"Supercedes E. M. Dated 4/21/66." Both earnest money agreements provided for a commission to be paid to plaintiff for his part in the purchase and sale. The provisions regarding plaintiff's commission were basically identical:

> $25,200 to the above agent for services. . . . Commission payable $5,000.00 at closing and $5,000.00 each year including interest . . .

The agreed down payment was insufficient to clear the property of all encumbrances except the $450,000 mortgage. The seller was unsuccessful in finding other financing to clear those encumbrances. It became impossible to close the transaction. The defendants refused to pay the commission.

It is fundamental that an agreement to pay a broker's commission must be in writing. Plaintiff's right to recover must be founded on one or both of the earnest money agreements, there being no written listing agreement.

Plaintiff's services were totally performed as of May 4, 1966. He had secured a buyer for the property and had aided in negotiation of the purchase agreement. At this point, the parties could not frustrate his right to a commission by rescinding the agreement. *Eckhoff v. Morgan,* 64 Wn.2d 851, 394 P.2d 898 (1964). Nor would he lose his right to the commission if defects in the title caused the transaction to fail, *unless* he had notice of the possible defective title. *Best v. Kelley,* 22 Wn.2d 257, 155 P.2d 794, 156 A.L.R. 1387 (1945).

The trial court found that a contract was entered into on April 25, 1966, when the defendants accepted the earnest money agreement adding some changes. The trial court also found that the plaintiff had no notice of the condition of title at that time. It is defendant's contention that no contract was formed until after the receipt of the letter of April 25, 1966, which was sufficient notice of the existence of additional encumbrances to the title.

The acceptance of an offer must be identical with the offer or there is no meeting of the minds and no contract. *Schuehle v. Schuehle,* 21 Wn.2d 609, 152 P.2d 608 (1944). A reply to an offer that purports to accept it but

materially changes the terms of the offer is not an acceptance. *Blue Mt. Constr. Co. v. Grant County School Dist. 150-204,* 49 Wn.2d 685, 306 P.2d 209 (1957). The defendants maintain that the letter of April 25, 1966, though purporting to accept, was a counteroffer. We agree. The amount of the purchase price was increased by $20,000. This was a material change in the terms of the offer. Until the agreement of April 21st and the changes in accordance with the letter of April 25th were accepted by the purchasers there was no valid contract between the parties. An obligation to pay the commission arose when the offer was accepted, *unless* at that time, plaintiff had notice of the defective title.

The law does not require that the broker know the exact state of title. He need only have notice of a possible defect in the title. The language

> Our requirements are such that we need more than $50,000.00 to conform with #1 of your Earnest Money Agreement whereby we agree to clear the property of all encumbrances except the present first mortgage.

contained in the letter of April 25, 1966, was sufficient notice of encumbrances in addition to the $450,000 first mortgage. That letter was received by the plaintiff before the contract was formed.

The plaintiff had notice of the defective title. He is therefore precluded from the recovery of a commission under the earnest money agreement. The judgment is reversed.

JAMES, C. J., and SWANSON, J., concur.

---

Petition for rehearing denied February 6, 1970.