230 P.3d 177 (2010)
155 Wash.App. 16
Joel N. ALMANZA and Cherae D. Almanza, husband and wife, Respondents,
v.
Jay R. BOWEN and Cindy Bowen, husband and wife; Appellants.
Kenneth N. Cuthbert, Jr., and Dana D. Cuthbert, husband and wife; Kenneth Cuthbert & Jay Bowen, LLC, a Washington limited liability company, Defendants.
No. 63153-5-I.
Court of Appeals of Washington, Division 1.
February 8, 2010.
Publication Ordered March 26, 2010.
Joseph D. Bowen, Attorney at Law PS, Mount Vernon, WA, for Appellants.
Gregory L. Gilday, Cole & Cole, Stanwood, WA, for Respondents.
BECKER, J.
¶ 1 Joel and Cherae Almanza agreed to buy a home from Jay and Cindy Bowen. The Almanzas decided to back out before the sale closed and sued to recover their earnest money. By statute, prospective buyers who have not received a disclosure statement have the right to rescind their offer. The Bowens did not provide a disclosure statement. They argue the statute does not apply to buyers who rescind for reasons unrelated to the absence of disclosure. We hold that the statute provides a bright-line remedy of *178 rescission. The trial court correctly granted summary judgment to the Almanzas.
¶ 2 On July 14, 2007, Joel and Cherae Almanza agreed to purchase a home under construction in Mount Vernon from Jay Bowen and his wife Cindy for $625,000. The Bowens owned the home with Kenneth and Dana Cuthbert. The purchase and sale agreement provided that Bowen would finish building out the home to the Almanzas' specifications and that the parties would perform a walk-through inspection within five days of closing. On July 19, 2007, the Almanzas deposited $6,000 in earnest money into an escrow account. Under the purchase and sale agreement, the Bowens' sole and exclusive remedy if the Almanzas failed to complete the purchase of the property without legal excuse was forfeiture of the earnest money.
¶ 3 On August 23, 2007, the Almanzas, through their realtor, e-mailed the Bowens' realtor to inform her that they had decided to "walk away" from the transaction because of their home "not selling even though they could have more time, lack of good communication from the seller/builder on budget info, etc." The Almanzas faxed a rescission form to the Bowens and requested release of their earnest money "due to the fact the contract does not have a closing date, and [was] missing an initial on one addendum." The Bowens did not authorize the escrow company to release the earnest money.
¶ 4 On April 17, 2008, the Almanzas sued the Bowens for an earnest money refund. In their motion for summary judgment, the Almanzas argued that they were entitled to rescission as a matter of law because the Bowens failed to deliver a seller's disclosure statement as required by RCW 64.06.020. The Bowens did not dispute the lack of disclosure, but argued that the statutory right of rescission did not apply because the statute was not intended to provide a remedy to prospective buyers who rescind for reasons unrelated to the absence of disclosure. The trial court granted the Almanzas' motion for summary judgment, ruling that they were statutorily entitled to rescind the purchase and sale agreement and properly did so. The Bowens appeal.
¶ 5 We review summary judgment orders de novo and engage in the same inquiry as the trial court. Sheikh v. Choe, 156 Wash.2d 441, 447, 128 P.3d 574 (2006). We will affirm a summary judgment if there are no issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Huff v. Budbill, 141 Wash.2d 1, 7, 1 P.3d 1138 (2000).
¶ 6 In 1994, the legislature adopted the residential real property transfersseller's disclosures act, codified at chapter 64.06 RCW. Laws of 1994, ch. 200. Within five days of the purchase and sale agreement, a seller of improved residential property must deliver to the buyer a statement containing disclosures prescribed by the statute. RCW 64.06.020, .030. Upon receipt of the disclosure statement, the buyer has a three day period within which to exercise the right to rescind the agreement and obtain immediate return of earnest money:
Unless the buyer has expressly waived the right to receive the disclosure statement, not later than five business days or as otherwise agreed to, after mutual acceptance of a written agreement between a buyer and a seller for the purchase and sale of residential real property, the seller shall deliver to the buyer a completed, signed, and dated real property transfer disclosure statement. Within three business days, or as otherwise agreed to, of receipt of the real property transfer disclosure statement, the buyer shall have the right to exercise one of the following two options: (1) Approving and accepting the real property transfer disclosure statement; or (2) rescinding the agreement for the purchase and sale of the property, which decision may be made by the buyer in the buyer's sole discretion. If the buyer elects to rescind the agreement, the buyer must deliver written notice of rescission to the seller within the three-business-day period, or as otherwise agreed to, and upon delivery of the written rescission notice the buyer shall be entitled to immediate return of all deposits and other considerations less any agreed disbursements paid to the seller, or to the seller's agent or an escrow agent for the seller's account, and the *179 agreement for purchase and sale shall be void. If the buyer does not deliver a written recision notice to [the] seller within the three-business-day period, or as otherwise agreed to, the real property transfer disclosure statement will be deemed approved and accepted by the buyer.
RCW 64.06.030. The buyer's right of rescission also applies when the seller does not provide a real property transfer disclosure statement. In that case, the buyer may rescind right up until the closing date:
If the seller in a residential real property transfer fails or refuses to provide to the prospective buyer a real property transfer disclosure statement as required under this chapter, the prospective buyer's right of rescission under this section shall apply until the earlier of three business days after receipt of the real property transfer disclosure statement or the date the transfer has closed, unless the buyer has otherwise waived the right of rescission in writing. Closing is deemed to occur when the buyer has paid the purchase price, or down payment, and the conveyance document, including a deed or real estate contract, from the seller has been delivered and recorded. After closing, the seller's obligation to deliver the real property transfer disclosure statement and the buyer's rights and remedies under this chapter shall terminate.
RCW 64.06.040(3) (emphasis added).
¶ 7 The Bowens argue that the seller's disclosures act cannot have been intended to allow a prospective buyer to back out of a sale when that decision was not motivated by the absence of disclosure or discovery of undisclosed defects. We disagree. The statute does not require a prospective buyer to state a reason for rescinding. Instead the statute provides a clear, decisive remedy to a prospective buyer who does not receive and has not expressly waived the right to a disclosure statement. The remedy is the right to rescind and to have earnest money returned. And if a seller does not deliver the required disclosure statement, the prospective buyer may exercise the right to rescind until "the date the transfer has closed." RCW 64.06.040(3). The Almanzas did not initially invoke RCW 64.06.040(3) at the time they decided to abandon the purchase, but that is not relevant to the availability of the statutory remedy. The seller's disclosures act does not contain a provision limiting rescission to situations where lack of disclosure causes the prospective buyer to decide against completing the contemplated transaction. The act provided the Almanzas with a legal excuse for failing to complete the purchase.
¶ 8 The Bowens claim that Almanzas did not rescind in time. They cite Alejandre v. Bull, 123 Wash.App. 611, 616, 98 P.3d 844 (2004), reversed on other grounds, 159 Wash.2d 674, 153 P.3d 864 (2007). The cited sentence states that the effect of the statute "is to give the buyer a three-day option to change his or her mind about the sale." However, in Alejandre, the court was explaining the effect of the statutory language which establishes that the buyer's right to rescind may expire three days after "receipt of the real property transfer disclosure statement." RCW 64.06.030. Because the Almanzas did not receive a disclosure statement, their right to rescind did not expire.
¶ 9 The Bowens also misleadingly cite Alejandre for the proposition that the statute was not intended to create a new remedy. Actually, the portion of the statute referred to in Alejandre stands for the exact opposite proposition: "nor shall anything in this chapter create any new right or remedy for a buyer of residential real property other than the right of recision exercised on the basis and within the time limits provided in this chapter." RCW 64.06.070 (emphasis added). The Alejandre court did not quote the "right of recision" language because it was not relevant in that case.
¶ 10 Finally, the Bowens contend that a material question of fact exists as to whether the Almanzas waived their right to receive a disclosure statement by agreeing to a walk-through inspection within five days of closing. They argue it would not make sense for the Bowens to make disclosures about a not-yet completed house.
¶ 11 The statute provides that its application can be avoided in a transfer in which the buyer has "expressly waived" the receipt of the seller disclosure statement. RCW 64.06.010(7). Agreeing to a walk-through inspection *180 is not an express waiver of the right to receive a disclosure statement. The statute contemplates that inspections will occur, in addition to disclosures. See RCW 64.06.015, .020. But it nowhere indicates that providing an opportunity to inspect the premises is an alternative to providing a disclosure statement.
¶ 12 The act also anticipates disclosures about new construction differing from disclosures about pre-existing, previously occupied houses and provides that some of the items in the disclosure form need not be filled out if the disclosure statement "is being completed for new construction which has never been occupied." RCW 64.06.020(2). And there are other provisions governing circumstances where changes to the property make a previously delivered disclosure inaccurate. RCW 64.06.040(1). But the statute nowhere indicates that prospective buyers waive their right to receive a disclosure statement if they agree to purchase a not-yet completed house.
¶ 13 Here, the relevant facts are undisputed: the Bowens did not provide a disclosure statement as required by RCW 64.06.020 and.030, and the Almanzas exercised their right to rescind before closing. Therefore, the Almanzas are entitled to have their earnest money returned.
¶ 14 The purchase and sale agreement states, "If Buyer or Seller institutes suit against the other concerning this Agreement, the prevailing party is entitled to reasonable attorneys' fees and expenses." The Almanzas invoke this provision and ask for an award of attorney fees on appeal.
¶ 15 "In Washington, attorney fees may be awarded only when authorized by a private agreement, a statute, or a recognized ground of equity." Labriola v. Pollard Group, Inc., 152 Wash.2d 828, 839, 100 P.3d 791 (2004). The Almanzas rescinded the purchase and sale agreement under which they claim costs and attorney fees. They argue that they may recover attorney fees and costs as provided in the purchase and sale agreement even if that agreement is no longer in effect. They rely on RCW 4.84.330 as statutory authorization for an award of attorney fees under these circumstances:
In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or lease or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.
¶ 16 RCW 4.84.330 is not directly applicable to an action on an agreement that contains a bilateral attorney fee provision as this one does. Kaintz v. PLG, Inc., 147 Wash. App. 782, 786-87, 197 P.3d 710 (2008). Nevertheless, mutuality of remedy, the principle underlying RCW 4.84.330, is a well recognized ground of equity that can support an award of attorney fees in the present circumstances, where a party prevails by establishing that a contract containing a bilateral attorney fee clause is unenforceable. Kaintz, 147 Wash.App. at 789, 197 P.3d 710. If the Bowens had prevailed by showing the purchase and sale agreement to be enforceable notwithstanding the lack of a disclosure statement, they would have been entitled to attorney fees as a prevailing party. The Almanzas are likewise entitled to a benefit of the attorney fee clause in that agreement even though they prevailed by having it set aside, according to the principles discussed in Herzog Aluminum, Inc. v. Gen. Am. Window Corp., 39 Wash.App. 188, 197, 692 P.2d 867 (1984). See Kaintz, 147 Wash.App. at 787-89, 197 P.3d 710.
¶ 17 Following Kaintz, we look to the terms of the attorney fee clause in the purchase and sale agreement. Consistent with those terms, we conclude the Almanzas are the prevailing party in the suit they initiated against the Bowens concerning the purchase and sale agreement. Subject to their compliance with RAP 18.1, a commissioner of this court will enter an appropriate order awarding them attorney fees for this appeal.
¶ 18 Affirmed.
WE CONCUR: LEACH, J., and DWYER, A.C.J.