# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MICHAEL LYONS and VANESSA LYONS, and their marital community, | DIVISION ONE |
| Respondents, | No. 86588-9-I |
| v. | UNPUBLISHED OPINION |
| CHANG LIU, | |
| Appellant, | |
| JIAWEN LI, and the marital community of CHANG LIU and JIAWEN LI, | |
| Defendants. | |

PER CURIAM — Chang Liu appeals from the orders of the superior court denying Liu's motion for summary judgment and granting Michael Lyons' and Vanessa Lyons' motion for summary judgment. On appeal, Liu asserts that the trial court erred in so ordering because he retained his statutory[1] right to rescind the residential real estate purchase and sale agreement herein upon receipt of the Lyonses' seller disclosure statement and because he timely notified the Lyonses of his exercise of his right of rescission. Liu also asserts that the trial court erred in entering judgment against him in his individual capacity because his spouse, Jiawen Li, did not sign the original agreement to acquire community real estate with community funds and, therefore, the contract was void. Because Liu expressly waived his statutory right of rescission and Liu's notice of

---

[1] RCW 64.06.030, .040(3).

rescission was untimely and because Li joined the agreement and the agreement remained enforceable against Liu's separate estate, Liu's assertions do not establish trial court error in this matter. Accordingly, we affirm.

I

The Lyonses owned residential property in Kirkland prior to the events in question. In March 2023, the Lyonses listed that property for sale.

In preparing to list and sell the property, the Lyonses filled out a form document entitled "Form 17 Seller Disclosure Statement." This form included certain minimum disclosures that, by statute, a seller must provide to a prospective buyer.[2] As pertinent here, the Lyonses' seller disclosure statement included a section concerning whether the property in question was subject to a homeowners' association. The Lyonses indicated in the affirmative that the property in question was subject to such an association. The subsequent prompt in that section reads as follows: "Name of Association and contact information for an officer, director, employee, or other authorized agent, if any, who may provide the association's financial statements, minutes, bylaws, fining policy, and other information that is not publicly available." In response to that prompt, the Lyonses indicated only "Diamond Creek." The statement did not disclose the full name of the homeowners' association to which the property was subject or the contact information of an agent of the homeowners' association.

---

[2] RCW 64.06.020(1).

The seller disclosure statement also set forth certain buyer acknowledgement and waiver provisions required by statute that reads, in pertinent part, as follows:

**III. BUYER'S ACKNOWLEDGEMENT**
**1. BUYER HEREBY ACKNOWLEDGES THAT:**

. . . .

D.    This information is for disclosure only and is not intended to be a part of the written agreement between the Buyer and Seller.

. . . .

DISCLOSURES CONTAINED IN THIS DISCLOSURE STATEMENT ARE PROVIDED BY SELLER BASED ON SELLER'S ACTUAL KNOWLEDGE OF THE PROPERTY AT THE TIME SELLER COMPLETES THIS DISCLOSURE. *UNLESS BUYER AND SELLER OTHERWISE AGREE IN WRITING, BUYER SHALL HAVE THREE (3) BUSINESS DAYS FROM THE DAY SELLER OR SELLER'S AGENT DELIVERS THIS DISCLOSURE STATEMENT TO RESCIND THE AGREEMENT BY DELIVERING A SEPARATELY SIGNED WRITTEN STATEMENT OF RESCISSION TO SELLER OR SELLER'S AGENT.  YOU MAY WAIVE THE RIGHT TO RESCIND PRIOR TO OR AFTER THE TIME YOU ENTER INTO A SALE AGREEMENT.*

BUYER HEREBY ACKNOWLEDGES RECEIPT OF A COPY OF THIS DISCLOSURE STATEMENT AND ACKNOWLEDGES THAT THE DISCLOSURES MADE HEREIN ARE THOSE OF THE SELLER ONLY, AND NOT OF ANY REAL ESTATE LICENSEE OR OTHER PARTY.
[signature and date line]

**2.    BUYER'S WAIVER OF RIGHT TO REVOKE OFFER**
Buyer has read and reviewed the Seller's responses to this Seller Disclosure Statement.  Buyer approves this statement and waives Buyer's right to revoke Buyer's offer based on this disclosure.
[signature and date line]

**3.    BUYER'S WAIVER OF RIGHT TO RECEIVE COMPLETED SELLER DISCLOSURE STATEMENT**

> Buyer has been advised of Buyer's right to receive a completed Seller Disclosure Statement. Buyer waives that right.
> [signature and date line]

(Italicized emphasis added.)

On March 26, 2023, Liu signed and submitted a purchase and sale agreement offering to purchase the property in question for less than the Lyonses' listing price. The proposed agreement provided that Liu would provide $40,000 in earnest money, with a delivery date of "3 days after mutual acceptance[] to be held by . . . [the] Closing Agent." A default on the agreement by the buyer would constitute a "[f]orfeiture of Earnest Money." Jiawen Li, Liu's spouse, did not sign this purchase and sale agreement.

Also on March 26, Liu received and signed the Lyonses' seller disclosure statement. As pertinent here, in the Buyer Acknowledgement section, discussed above, Liu interposed his signature beneath subsection 1 entitled "**BUYER HEREBY ACKNOWLEDGES THAT**," and beneath subsection 2 entitled "**BUYER'S WAIVER OF RIGHT TO REVOKE OFFER**." He did not, however, sign beneath subsection 3 entitled "**BUYER'S WAIVER OF RIGHT TO RECEIVE COMPLETED SELLER DISCLOSURE STATEMENT**." Li did not sign the Lyonses' seller disclosure statement.

Later that day, the Lyonses counteroffered with their original listing price and a closing date of April 14, 2023. Liu accepted the Lyonses' counteroffer, resulting in the Lyonses and Liu reaching mutual acceptance of the terms of the purchase and sale of the property on March 26.

4

Two days later, on March 28, the Lyonses, Liu, and Li signed an amendment to the Purchase and Sale agreement adding Li as a named buyer to the purchase and sale agreement, stating that "IT IS AGREED BETWEEN THE SELLER AND BUYER AS FOLLOWS: Buyer's [sic] will be Chang Liu and Jiawen Li." Li thus ratified the agreement.

On March 29, three days after the parties reached mutual acceptance, Liu and Li were to deposit the $40,000 earnest money as set forth in the agreement. They did not do so. Instead, Liu and Li sent the Lyonses a document entitled "Form 51 Rescission Agreement." The Lyonses did not sign this agreement.[3] Text messages exchanged between the parties' real estate agents that day indicated a mutual belief that Liu "understands the consequences" concerning the earnest money that he would owe if he rescinded the purchase and sale agreement without excuse, but that he is "[n]ow just walking and said he won't pay."

In April 2023, the agreed-upon closing date arrived. Liu and Li did not close on their purchase of the property in question.

Two months later, the Lyonses sold the property to another party for an amount less than the amount which Liu and Li had previously agreed to pay.

Two months after that, in August 2023, the Lyonses filed a lawsuit in King County Superior Court against Liu and Li, both in their individual capacity and as a marital community. The Lyonses argued that the defendants had defaulted on

---

[3] We note that both before the trial court and on appeal, Liu does not rely on this document in support of his argument that he timely rescinded the purchase and sale agreement at issue. Therefore, he has waived any such argument.

the parties' purchase and sale agreement by failing to deposit the earnest money in question and sought an award of liquidated damages in the amount of $40,000.

The defendants answered, alleging that their failure to deposit the earnest money was excused because they had rescinded—and thereby voided—the agreement.

On September 8, 2023, the Lyonses received a document from Liu and Li titled "Form 90A Notice of Rescission," which was signed by Liu on August 15, 2023, and by Li on September 8, 2023. The document indicated that "Seller has not delivered a completed Seller Disclosure Statement (Form 17 . . .) to Buyer as required by RCW 64.06. Buyer hereby elects to rescind the Agreement and demands return of the Earnest Money."[4]

In November 2023, the Lyonses moved for summary judgment based on the defendants' failure to deposit the earnest money and failure to close on the sale of the property by the agreed-upon date, arguing that the defendants had not effectively rescinded the purchase and sale agreement because they had expressly waived their right to rescind the agreement.

The defendants moved for summary judgment the following day, arguing that their failure to deliver the earnest money and close on the sale of the property was excused because the Lyonses' seller disclosure statement was incomplete, the statutory time period for rescission never commenced, and both

---

[4] In fact, the defendants never deposited the earnest money in question.

6

Liu and Li had, in September 2023, notified the Lyonses of their rescission of their acceptance of the agreement.

In December 2023, the trial court entered orders denying the defendants' motion for summary judgment and granting the Lyonses' motion for summary judgment, and entering judgment against Liu and Li both as individuals and as a marital community.

Thereafter, the defendants filed a motion for reconsideration, requesting that the court dismiss the Lyonses' claim against both Li and the marital community of Liu and Li, in reliance on Li's sworn declaration that read, in pertinent part, as follows:

> 2. After the Court's ruling on the cross-motions for summary judgment, it occurred to me that my initial declaration may have misled the Court into believing that I received the Form 17 partially completed by the sellers before I signed the addendum (Exhibit B to my prior declaration) adding me to the [purchase and sale agreement (PSA)].
>
> 3. To clarify, I did not have copies of the PSA or Form 17 at the time I signed the addendum (Exhibit B to my prior declaration) adding me to the PSA. I never waived my right to receive a completed Form 17 or my right to rescind the PSA.

On January 30, 2024, the trial court granted the defendants' motion for reconsideration:

> The Court reconsiders its order because it has reached the conclusion that its decision on Summary Judgment is contrary to law.
> Defendants brought this Motion for Reconsideration out of concern that the Court was under the mistaken belief that an allegedly incomplete Form 17 was delivered to Ms. Li before she was added to the Purchase and Sale Agreement. Defendants are correct that the Court believed that to be true. Defendants have clarified that a Form 17 was never delivered to Ms. Li. The Court

7

does not consider this to be new evidence, but even if it was, the Court exercises its discretion and considers it now.

The court then dismissed the Lyonses' claims against both Li individually and Liu's and Li's marital community but affirmed its grant of summary judgment to the Lyonses as applicable to Liu's "sole and separate debt."

Liu now appeals.

II

Liu asserts that the trial court erred in entering its summary judgment orders because he successfully rescinded the parties' written agreement for the purchase and sale of the property. This is so, he contends, because he retained and timely exercised his statutory right to rescind the agreement based on the Lyonses' allegedly incomplete seller disclosure statement provided to him. We disagree.

A

We review a trial court's summary judgment orders de novo. Hadley v. Maxwell, 144 Wn.2d 306, 310-11, 27 P.3d 600 (2001). Summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Peterson v. Groves, 111 Wn. App. 306, 310, 44 P.3d 894 (2002).

Interpretation of a statute is a question of law we review de novo. Ellensburg Cement Prods., Inc. v. Kittitas County, 179 Wn.2d 737, 743, 317 P.3d 1037 (2014). "The primary goal in statutory interpretation is to ascertain and give effect to the intent of the Legislature." Nat'l Elec. Contractors Ass'n v. Riveland,

138 Wn.2d 9, 19, 978 P.2d 481 (1999). Statutory interpretation begins with the statute's plain language and ordinary meaning. Riveland, 138 Wn.2d at 19.

The matter before us regards the interpretation of chapter 64.06 RCW. This statutory chapter, "entitled 'Residential Real Property Transfers—Seller's Disclosures,' applies to residential property sales and requires sellers to make certain disclosures about the sale property." Alejandre v. Bull, 123 Wn. App. 611, 615, 98 P.3d 844 (2004), rev'd on other grounds, 159 Wn.2d 674, 153 P.3d 864 (2007). Three of this chapter's provisions guide our analysis.

RCW 64.06.020 reads, in pertinent part, as follows: "In a transaction for the sale of improved residential real property, the seller shall . . . deliver to the buyer a completed seller disclosure statement in the following format and that contains, at a minimum, the following information[.]" RCW 64.06.020(1).[5]

RCW 64.06.030 reads as follows:

> *Unless the buyer has expressly waived the right to receive the disclosure statement*, not later than five business days or as otherwise agreed to, after mutual acceptance of a written agreement between a buyer and a seller for the purchase and sale of residential real property, *the seller shall deliver to the buyer a completed, signed, and dated real property transfer disclosure statement.* Within three business days, or as otherwise agreed to, of receipt of the real property transfer disclosure statement*, the buyer shall have the right to exercise one of the following two options*: (1) Approving and accepting the real property transfer disclosure statement; or (2) *rescinding the agreement for the purchase and sale of the property*, which decision may be made by

---

[5] As applicable here, one such statutorily required prompt for which the seller must provide information in response thereto reads as follows:
> A. Is there a Homeowners' Association? Name of Association and contact information for an officer, director, employee, or other authorized agent, if any, who may provide the association's financial statements, minutes, bylaws, fining policy, and other information that is not publicly available.

RCW 64.06.020(1).

> the buyer in the buyer's sole discretion. *If the buyer elects to rescind the agreement, the buyer must deliver written notice of rescission to the seller within the three-business-day period*, or as otherwise agreed to, and upon delivery of the written rescission notice the buyer shall be entitled to immediate return of all deposits and other considerations less any agreed disbursements paid to the seller, or to the seller's agent or an escrow agent for the seller's account, and the agreement for purchase and sale shall be void. *If the buyer does not deliver a written recision notice to [the] seller within the three-business-day period, or as otherwise agreed to, the real property transfer disclosure statement will be deemed approved and accepted by the buyer.*

(Emphasis added.) (Alteration in original.)

> RCW 64.06.040(3) reads as follows:

> If the seller in a real property transfer *fails or refuses to provide* to the prospective buyer *a real property transfer disclosure statement as required under this chapter*, the prospective buyer's *right of rescission under this section shall apply until the earlier of three business days after receipt of the real property transfer disclosure statement or the date the transfer has closed, unless the buyer has otherwise waived the right of rescission in writing.* Closing is deemed to occur when the buyer has paid the purchase price, or down payment, and the conveyance document, including a deed or real estate contract, from the seller has been delivered and recorded. After closing, the seller's obligation to deliver the real property transfer disclosure statement and the buyer's rights and remedies under this chapter shall terminate.

(Emphasis added.)

Accordingly, as pertinent here, the legislature intended to establish a prospective buyer's right to receive a completed seller disclosure form. RCW 64.06.030. The legislature also intended to establish a prospective buyer's right to, upon receipt of the seller disclosure form, unilaterally rescind the written agreement between the buyer and the seller for the purchase and sale of residential real property. RCW 64.06.030, .040(3). The legislature further

10

intended to grant to the prospective buyer the ability to waive both of these rights. RCW 64.06.030, .040(3).

Additionally, as pertinent here, the legislature intended for a prospective buyer, upon receipt of a seller disclosure statement, to have a three-business-day time period in which to exercise this right of rescission. RCW 64.06.030 ("Within three business days, or as otherwise agreed to, of receipt of the real property transfer disclosure statement, the buyer shall have the right to exercise," among else, the right of "rescinding the agreement for the purchase and sale of the property"); RCW 64.06.040(3) ("[T]he prospective buyer's right of rescission under this section shall apply until the earlier of three business days after receipt of the real property transfer disclosure statement or the date the transfer has closed.").

B

Liu first contends that he successfully retained his right to rescind the parties' purchase and sale agreement based on the Lyonses' allegedly incomplete seller disclosure statement. We disagree.

Liu does not dispute that the Lyonses timely delivered a seller disclosure statement to him. Liu also does not dispute that he signed a provision on the seller disclosure statement that reads as follows: "Buyer has read and reviewed the Seller's responses to this Seller Disclosure Statement. Buyer approves this statement and waives Buyer's right to revoke Buyer's offer based on this disclosure."

11

Regardless of whether Liu waived his right to receive a completed seller disclosure statement, Liu expressly waived his statutory right to rescind the parties' purchase and sale agreement based on the Lyonses' seller disclosure statement provided to him. The legislature intended to grant a prospective buyer a right of rescission based on a seller disclosure statement provided to the buyer and the legislature granted the buyer the ability to waive that right. RCW 64.06.030, .040(3). Liu signed a provision of the Lyonses' seller disclosure statement indicating that he had read, reviewed, and approved of the Lyonses' seller disclosure statement and that he waived his right to revoke the parties' agreement based on their disclosure statement. This constituted an express waiver of his right to revoke his offer based on the disclosures provided in the Lyonses' seller disclosure statement. See, e.g., Alejandre, 123 Wn. App. at 616 ("The [buyers] signed the section of the disclosure statement entitled 'BUYER'S WAIVER OF RIGHT TO REVOKE OFFER.' . . . By signing this section, they waived their right to revoke their offer to purchase based upon the RCW 64.06.020 disclosures."). Thus, Liu waived his right to rescind the parties' agreement based on the Lyonses' seller disclosure provided to him. He did not retain this right.

Liu nevertheless contends that, despite his waiver of his right to rescind, he nevertheless retained the right to rescind in response to the receipt of an incomplete seller disclosure statement. Liu is mistaken.

Liu conflates the statutory right to *receive* a completed seller disclosure statement with the right to rescind a purchase and sale agreement *upon receipt*

12

*of* a seller disclosure statement, completed or not. RCW 64.06.030, .040(3). As discussed herein, these rights are distinct from one another. Furthermore, Liu does not present any statutory analysis in support of his proposed interpretation of the statutory provisions at issue. Therefore, his contention fails.[6]

C

Liu next contends that he timely exercised his right to rescind the parties' purchase and sale agreement because he never received a completed seller disclosure statement. We disagree.

Liu's contention runs counter to the plain language of the statutory provisions at issue. As set forth above, these provisions commence the time period within which a prospective buyer may exercise the right of rescission at the time of the buyer's receipt of a seller disclosure statement. RCW 64.06.030, .040(3). We have held that the seller disclosure "statute does not require a prospective buyer to state a reason for rescinding." Almanza v. Bowen, 155 Wn. App. 16, 21, 230 P.3d 177 (2010). Indeed, "[t]he seller's disclosures act does not contain a provision limiting rescission to situations where lack of disclosure causes the prospective buyer to decide against completing the contemplated transaction." Almanza, 155 Wn. App. at 21. Therefore, whether a prospective

---

[6] Liu next relies on our decision in Singer Credit Corp. v. Mercer Island Masonry, Inc., 13 Wn. App. 877, 885, 538 P.2d 544 (1975), in support of the proposition that he did not intentionally and voluntarily waive his right to rescind an incomplete seller disclosure statement. However, as discussed herein, in signing the provision setting forth the terms of the buyer's waiver of the right to rescind in the Lyonses' seller disclosure statement, Liu indicated that he had read, reviewed, and approved of the Lyonses' seller disclosure statement and that he waived his right to revoke the parties' agreement based on their disclosure statement. Liu does not present citation to the record or argument in support of the notion that his waiver in this matter was neither intentional nor voluntary. Therefore, his reliance on Singer is unhelpful.

buyer's exercise of the statutory right to rescission is effective is not predicated on the buyer's reason for the exercise of this right but, rather, is predicated on the time period within which the right was exercised.

Here, the parties do not dispute the following: As late as March 26, Liu received the Lyonses' seller disclosure statement. In the three business days that followed, Liu did not seek to rescind the purchase and sale agreement. Thereafter, Liu and Li did not close on the purchase and sale of the property. Instead, on September 8, Liu notified the Lyonses of his assertion of his purported right of rescission predicated on the Lyonses' allegedly incomplete seller disclosure statement.

Liu's assertion of his statutory right of rescission was untimely. Liu's receipt of the seller disclosure statement commenced the three-business-day time period within which he could have rescinded the purchase and sale agreement. He did not do so during that time. His belated attempt to do so was ineffective, regardless of his later assertion that one of the responses provided by the Lyonses on their seller disclosure statement was not complete. Almanza, 155 Wn. App. at 21. Therefore, Liu failed to timely assert his statutory right of rescission.[7]

---

[7] Liu nevertheless relies on our decision in Almanza, 155 Wn. App. 16, in purported support of his assertion. There, however, the sellers never provided a seller disclosure statement to the prospective buyers and, therefore, "their right to rescind did not expire." Almanza, 155 Wn. App. at 22. Here, by contrast, the Lyonses did provide a seller disclosure statement to Liu, the three-business-day time period commenced upon Liu's receipt of that statement, and Liu did not exercise his right of rescission during that time. Accordingly, Liu's reliance on Almanza is unavailing.

Thus, Liu's attempt to exercise his right to rescind is a right that he expressly waived and was not timely. The trial court did not err by so ruling.

III

Liu next contends that the trial court erred by entering judgment against his separate estate arising from his failure to perform under the residential real estate purchase and sale agreement that he signed with the Lyonses. The trial court erred in so doing, Liu avers, because the purchase and sale agreement was one to purchase community real estate with community funds, and Li, his spouse, did not sign the original purchase and sale agreement. Therefore, according to Liu, the original agreement was void. Liu's contention fails.

A

As an initial matter, Liu relies on RCW 26.16.030(4) and our decision in Pixton v. Silva, 13 Wn. App. 205, 208-09, 534 P.2d 135 (1975), in support of the proposition that the agreement in question was void. This is so, Liu avers, because Li, his spouse, was never joined to the purchase and sale agreement in question. We disagree.

RCW 26.16.030 provides, in pertinent part, that

[p]roperty not acquired or owned, as prescribed in RCW 26.16.010 and 26.16.020, acquired after marriage or after registration of a state registered domestic partnership by either domestic partner or either husband or wife or both, is community property. Either spouse or either domestic partner, acting alone, may manage and control community property, with a like power of disposition as the acting spouse or domestic partner has over his or her separate property, except:
. . . .
(4) Neither person shall purchase or contract to purchase community real property without the other spouse or other domestic

15

partner joining in the transaction of purchase or in the execution of the contract to purchase.

RCW 26.16.030.

In Pixton, we held that the trial court therein did not err in denying the plaintiffs' request for specific performance of an earnest money agreement against the defendants because the wife of the defendant signee therein never joined the agreement and, therefore, according to the trial court, "'no enforceable contract was ever effected between the [defendants] and the plaintiffs' as required by RCW 26.16.030(4)." 13 Wn. App. at 209.

Here, however, it is undisputed that Li expressly signed and joined the purchase and sale agreement in question on March 28, two days after mutual acceptance of the agreement was reached between the Lyonses and Liu. Therefore, an enforceable contract was created between the defendants and the plaintiffs, having been executed by all of the necessary parties. Pixton, 13 Wn. App. at 208-09. Thus, the agreement in question was not void pursuant to RCW 26.16.030(4) or the rule that we set forth in Pixton. Liu's assertion fails.

B

In any event, Liu's agreement with the Lyonses remains enforceable against Liu's separate estate.

We have long-recognized that an individual member of a marital community can be individually liable for that member's participation in a contract. For instance, in Everest v. Levenson, 15 Wn. App. 645, 646-47, 551 P.2d 159 (1976), we stated as follows:

16

> The signing of a listing agreement to sell community property without the express or implied consent of the non-participating spouse prevents the creation of a community obligation, RCW 26.16.030(5) and (6); *but that omission does not relieve the participating member of the community from individual liability.* Geoghegan v. Dever, 30 Wn.2d 877, 899, 194 P.2d 397 (1948). Neither Mr. Levenson nor the Levenson community is a party to this action; respondent seeks a judgment against Mrs. Levenson, individually. Since she is the only contracting seller, if the respondent performed its contractual obligation, it is entitled to judgment. Geoghegan v. Dever, supra; Anderson v. Shain, 1 Wn. App. 469, 462 P.2d 566 (1969).

(Emphasis added.) (Footnote omitted.)

In Geoghegan, our Supreme Court held that "we are of the opinion that the fact that the [real estate] commission contract is not binding upon [the wife] or the community *does not operate to relieve [the husband]*." 30 Wn.2d at 899 (emphasis added); see also George C. Lemcke Co. v. Nordby, 117 Wash. 221, 224, 200 P. 1103 (1921) (holding that where a wife enters into a contract to pay a broker's commission on a sale of community property, she is individually liable on the contract).

Here, Liu entered into an agreement with the Lyonses that he would forfeit the $40,000 earnest money deposit if he defaulted on the purchase and sale agreement. Liu does not contest that he failed to deposit the earnest money and failed to close on the sale of the property.[8] He therefore defaulted on the agreement and forfeited the $40,000 earnest money deposit. Liu also does not dispute that the Lyonses performed their contractual obligations to him up to the point his breach excused further performance.[9]

---

[8] Rather, Liu contends that such default was excused by his purportedly successful rescission of the agreement in September 2023. As analyzed herein, this contention fails.

[9] We note that the seller's obligation to provide a completed seller disclosure form is a statutory—rather than contractual—obligation and does not constitute—or form part of—a written

Liu's agreement with the Lyonses remains enforceable against Liu's separate estate. Liu agreed that he would forfeit the $40,000 earnest money if he defaulted on the agreement. He never deposited the $40,000 earnest money and he did not close on the sale of the property, thereby defaulting on the agreement. Liu, in his separate estate, was not relieved of his obligation to forfeit the earnest money to the Lyonses when he defaulted on the agreement.[10] Everest, 15 Wn. App. at 646-47. Thus, Liu does not establish that the trial court erred in entering judgment against his separate estate.

IV

Liu requests an award of attorney fees on appeal. Because he is not the prevailing party on appeal, his request is denied. RAP 18.1(a).

Accordingly, we affirm.

For the Court:

Birk, J.

Díaz, J.

Brennan, J

---

agreement between a buyer and a seller. RCW 64.06.020(1) ("This information is for disclosure only and is not intended to be a part of any written agreement between buyer and seller." (capitalization omitted)).

[10] Li notified the Lyonses of her purported rescission of the agreement in September 2023, which the trial court ruled on reconsideration was effective as applicable to her separate estate and her marital community with Liu. The Lyonses did not appeal this ruling.